LABORDE, Judge.
Defendant, John Wayne Smith, was charged by bill of information with seven (7) counts of theft in violation of LSA-R.S. 14:67. Defendant pleaded guilty to all counts and was sentenced to serve consecutive sentences totaling nine (9) years at hard labor. Defendant now appeals, contending that his total sentence is excessive and that the trial judge failed to adequately state reasons for imposing the sentence in accordance with C.Cr.P. art. 894.1. We affirm.
FACTS
Defendant, John Wayne Smith, twenty-three years old, entered a guilty plea to seven counts of theft. The stolen items consisted of six motorcycles and assorted tools, ranging in value from $500 to $1,500. Defendant’s brother, Harry Lee Smith, and Anthony Romero also pleaded guilty to the charges, having acted in concert with defendant. Defendant and his brother were both sentenced to serve consecutive sentences of two years, for each of three counts, and three years for the remaining four counts, resulting in a total sentence of nine years at hard labor. The third defendant, Romero, was given a three year suspended sentence.
Defendant’s assignments of error present two issues for our determination:
1) Whether the trial judge failed to adequately state the reasons for imposing the nine year sentence in accordance with LSA-C.Cr.P. art. 894.1, and;
2) Whether defendant’s sentence is excessive.
ISSUE NOS. 1 and 2
Defendant contends that his cumulative sentence of nine years at hard labor for the seven charges, each ranging from $500 to $1,500 in value, is an excessive punishment in violation of Article 1, section 20 of the Louisiana Constitution. Defendant actually received sentences of two years at hard labor for each of three counts, to run consecutively and an additional three years at hard labor for the remaining four theft charges, to run consecutively. No reasons were enunciated by the sentencing judge for the disproportionate sentence levied *565 against the Smith brothers. LSA-R.S. 14:67 provides in pertinent part:
“Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.”
Clearly, defendant’s sentences, as to each count, fall within the low range of sentences which might have been imposed within the statutory limits of up to ten years. Nonetheless, the sentence may still be reviewed by this court for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Cox, 369 So.2d 118 (La.1979).
In Sepulvado and Cox, supra, the Louisiana Supreme Court held that although a sentence is within the statutory limits it may nevertheless constitute an excessive sentence. In addition, the trial judge must comply with the mandatory requirements of LSA-C.Cr.P. art. 894.1, individualizing the sentences by stating for the record the considerations taken into account and the factual basis thereof. State v. Jones, 381 So.2d 416 (La.1980).
In sentencing defendant, the trial judge stated that a lesser sentence would “deprecate the seriousness of the crimes” in light of the fact that defendant was previously convicted of a felony theft for which he received a three year suspended sentence. The trial judge stated that the defendant needed “special treatment” as opposed to a suspended sentence with probationary conditions. We agree and therefore hold that the total sentence of nine years imposed upon defendant for seven counts of theft is not excessive.
As for compliance with LSA-C.Cr.P. art. 894.1, a trial court need not articulate every aggravating and mitigating circumstance under the statute if the court indicates that it has considered the guidelines in particularizing the sentence to the offender. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
In this instance, thorough review of the record reveals only a slight compliance by the trial court with LSA-C.Cr.P. art. 894.1 in sentencing defendant. The only statutory consideration adequately articulated by the trial judge was that “... a lesser sentence would deprecate the seriousness of the crime.” LSA-C.Cr.P. art. 894.1(A)(3). However, we hold that the articulated consideration under 894.1 and other factual reasons given by the trial judge are sufficient to uphold the sentences. The sentences do not appear to be excessive for a second offender and do not therefore constitute an abuse of the wide discretion accorded a trial judge in the imposition of sentences within the statutory limits. State v. Jones, supra; State v. Spencer, 374 So.2d 1195 (La.1979). Even when a trial judge fails to substantially comply with art. 894.1, we will not remand for re-sentencing unless the sentence is clearly excessive. State v. Jones, supra.
Accordingly, we find no justifiable reason or purpose to remand defendant’s case for re-sentencing.
For the above and foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.