KING, Judge.
Defendant, Calvin Broussard, was charged by seven bills of information with seventeen counts of forgery in violation of LSA-R.S. 14:72.[1] Initially, defendant pled not guilty to each count of forgery but, after a plea bargain was reached with the State, he withdrew his previous guilty pleas to nine counts of forgery and then entered pleas of guilty to nine of the original seventeen counts of forgery in exchange for the State dismissing the other eight counts of forgery. The defendant was sentenced on March 13, 1984 for the nine counts of forgery to serve consecutive sentences totaling seven years at hard labor. This sentence consisted of a concurrent three year sentence for three counts; a concurrent two year sentence for three counts; and a concurrent two year sentence for three counts, with the concurrent sentences for each of the three counts to be served consecutively. A motion to review sentence was filed by the defendant but, after a hearing, the court refused to modify its original sentence. Following the court’s failure to modify the sentence, the defendant perfected this appeal.[2] We affirm.
"Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
"Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
"Whoever commits the crime of forgery shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both."
On appeal, defendant’s assignments of error present two issues for our determination:
(1) Whether the trial judge failed to adequately state the reasons for imposing the sentence totaling seven years in accordance with LSA-C.Cr.P. art. 894.1; and
(2) Whether defendant’s sentence is excessive.
ASSIGNMENTS OF ERROR
Defendant contends that his cumulative sentence of seven years at hard labor for the nine counts of forgery, involving nine checks totaling approximately $800.00, is an excessive punishment in violation of Art. I, § 20 of the 1974 Louisiana Constitution. The penal provision of LSA-R.S. 14:72 provides in pertinent part:
“Whoever commits the crime of forgery shall be fined not more than five *101 thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both.”
Clearly, defendant’s sentences, as to each count, fall within the low range of sentences which might have been imposed within the statutory limits of up to ten years on each count. However, the sentences may still be reviewed by this court for excessiveness. State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979).
In Cox and Se-pulvado, supra, the Louisiana Supreme Court held that, although a sentence is within the statutory limits, it may nevertheless constitute an excessive sentence. In addition, the trial judge must comply with the mandatory requirements of LSA-C.Cr.P. art. 894.1, individualizing the sentences by stating for the record the considerations taken into account and the factual basis thereof. State v. Jones, 381 So.2d 416 (La.1980). See also, State v. Smith, 446 So.2d 563 (La.App. 3rd Cir. 1984).
The trial court need not articulate every aggravating and mitigating circumstance under LSA-C.Cr.P. art 894.1 if the record reflects that it has adequately considered the guidelines in particularizing the sentence to the offender. State v. Gulden, 399 So.2d 194 (La.1981), cert. den., 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). State v. Sergon, 449 So.2d 193 (La.App. 3rd Cir.1984), and the cases cited therein; State v. Smith, supra.
Thorough review of the record reveals consideration by the trial court of the provisions of LSA-C.Cr.P. Art. 894.1 at the time of sentencing defendant. The trial judge articulated that the court “... does not give a suspended sentence because of his great propensity to commit this crime. Nine that he has pled guilty to, and of course others that have been dismissed”; that, “The court is convinced he is in need of correctional treatment and should be placed in an environment where maybe he can be rehabilitated”; and, that “Additionally, I think to give a lesser sentence or sentences would deprecate the seriousness of this crime to the economic community.” See LSA-C.Cr.P. Art. 894.1(A)(1)(2)(3).
At the post-sentence hearing to review the sentence, held on April 9, 1984, the defendant contended that the head injury he suffered in an accident on an offshore drilling vessel in 1978 was a substantial ground tending to excuse or justify his criminal conduct, though failing to establish a defense, and to justify imposition of a suspended sentence. See, LSA-C.Cr.P. Art. 894.1(B)(4). The trial judge, at the hearing to review the sentence, listened to all of the evidence involving the defendant’s injury and found that there was nothing in the record or the medical reports in evidence that would indicate that the defendant’s injuries would create impulsiveness on his part to commit forgery. Therefore, we hold that the trial judge’s articulated considerations under LSA-C.Cr.P. Art. 894.1 and other factual reasons given by the trial judge at the hearing on defendant’s Motion To Review Sentenr 3 are sufficient to uphold the sentences originally imposed. The consecutive sentences for some of the charges do not appear to be excessive for nine counts of forgery, when one considers that the defendant could have received up to a total of ninety years at hard labor, and do not therefore constitute an abuse of the wide discretion accorded a trial judge in the imposition of sentences within the statutory limits. State v. Jones, supra; State v. Smith, supra. Although it appears that the offenses were committed within a short period of time, there is no evidence that they were part of a common scheme or plan. LSA-C.Cr.P. Art. 883. In view of the eight similar charges against the defendant which were dismissed as a result of the plea bargain, the sentences imposed in this case, which were ordered to be served consecutively to the other sentences, are not apparently excessive. Even when a trial judge fails to substantially comply with LSA-C.Cr.P. Art. 894.1, we will not remand for re-sentencing unless the sentence is clearly excessive. State v. Jones, supra; State v. Smith, supra.
*102 Accordingly, we find no justifiable reason or purpose to remand defendant’s case for re-sentencing.
For the above and foregoing reasons, the defendant's sentences are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs. For the reasons which I have advanced many times heretofore — we should not be made to review sentences for excessiveness unless they go beyond the statute of limitations.

. LSA-R.S. 14:72 provides:

. At the date of sentencing on March 13, 1984, the trial judge deferred execution of sentence until March 23, 1984. The record does not reflect any further deferral of execution of sentence by the trial court. The defendant’s Motion To Review Sentence was not presented to and an Order signed by the trial judge until March 27, 1984. A hearing was held on that motion on April 9, 1984. The defendant had thus, presumably, already began to serve his sentence, before the date the Order was signed and before the date of the hearing, and the trial judge would have been without legal authority to amend or suspend the sentence originally imposed. See, LSA-R.S. 15:566.2; LSA-C.Cr.P. Arts. 881, 894. This appeal was taken on April 11, 1984, more than five days after imposition of the original sentence on March 23, 1984, but within five days of the trial court’s refusal to modify the sentence after a hearing on April 9, 1984 on the defendant’s Motion To Review the Sentence. This appeal to review defendant’s sentence is thus not timely as the appeal was not taken within five days of the imposition of the sentence. See, LSA-C.Cr.P. Art. 914. However, as the trial court permitted an out-of-time hearing to review a sentence and this appeal was timely perfected within five days of that hearing, this court will consider this appeal as an out-of-time appeal to review the sentence originally imposed.