496 So.2d 1379 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Cecil COTTINGIN, Defendant-Appellant.
No. CR85-1188.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
*1380 Lee Gallaspy, Lafayette, for defendant-appellant.
Charles Brandt, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before GUIDRY, DOUCET and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not the trial court erred in imposing an excessive sentence on the defendant.
The defendant, Cecil Cottingin (hereinafter referred to as defendant) was charged by bill of information with indecent behavior with a juvenile in violation of LSA-R.S. 14:81. He pleaded guilty to the charge and, on December 18, 1984, was sentenced to serve five years at hard labor, the maximum sentence permitted under the statute.
The defendant appealed this sentence and this Court reversed and set aside the sentence imposed and remanded the case to the trial court for resentencing, finding that the trial court failed to adequately comply with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. See State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985).
On remand, the trial court held a sentencing hearing on October 24, 1985 and again sentenced the defendant to the maximum penalty of five years at hard labor. Defendant now appeals this sentence. We affirm.

ASSIGNMENTS OF ERROR
The defendant on this appeal assigns as error the trial judge's imposition of an excessive sentence in violation of Art. 1, § 20 of the 1974 Louisiana Constitution.
Defendant contends that his sentence of five years at hard labor for conviction of indecent behavior with a juvenile, in violation of LSA-R.S. 14:81, is an excessive punishment in violation of Art. 1, § 20 of the 1974 Louisiana Constitution. We initially note that five years at hard labor is the maximum sentence provided for the crime for which defendant was convicted. LSA-R.S. 14:81.
A sentence may be reviewed for excessiveness even though it falls within the statutory limits allowable under the penalty provision of the particular crime. Article 1, § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Broussard, 463 So.2d 99 (La.App. 3 Cir.1985), citing State v. Cox, 369 So.2d 118 (La.1979). A trial court has broad discretion in the imposition of sentences; however, this discretion is not unbridled. State v. Tilley, 400 So.2d 1363 (La.1981); State v. LaGrange, *1381 471 So.2d 1186 (La.App. 3 Cir.1985). The standard used on appeal for determining whether a sentence imposed by a trial court is excessive, was set forth in our earlier opinion in this matter as follows:
"`[A] sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider "the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).' State v. Morgan, 428 So.2d 1215, at page 1216 (La.1983)." State v. Cottingin, 476 So.2d 1184, at page 1188 (La.App. 3 Cir.1985).
We also note that in cases involving the most serious violation of a particular offense and the worse kind of offender, maximum penalties are appropriately imposed. State v. Jones, 398 So.2d 1049 (La.1981); State v. Duhon, 431 So.2d 120 (La.App. 3 Cir.1983).
In addition to the Louisiana constitutional prohibitions concerning excessive sentencing, the Louisiana Legislature has adopted La.C.Cr.P. 894.1, which sets forth general sentencing guidelines to be used by the trial court. The purpose of the article is two fold: to prevent possible excessive sentences and to guide the trial court in its sentencing tasks. State v. Vampran, 459 So.2d 1333 (La.App. 1 Cir. 1984). In order to comply with the article, the trial court need not refer to every aggravating and mitigating circumstance; however, the record must reflect that the court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), appeal after remand, 444 So.2d 96 (La.1983); State v. Sergon, 449 So.2d 193 (La.App. 3 Cir.1984), citing State v. Gray, 404 So.2d 1215 (La.1981).
At defendant's October 24, 1985 sentence hearing, defense counsel presented evidence in an attempt to mitigate the defendant's sentence. Counsel presented two letters from deputies at the Lafayette Parish Correctional Center where the defendant has been detained. Both letters stated that defendant was a good worker as a trustee at the institution and commended his initiative. In addition, defense counsel noted that the defendant had no prior misdemeanor or felony convictions and our examination of the record supports this finding. Finally, defense counsel specifically directed the Court's attention to mitigating circumstances, set forth in LSA-C.Cr.P. Art. 894.1 which counsel felt warranted a probationary sentence, i.e., that imprisonment would be an excessive hardship on defendant and his dependents; that defendant was likely to respond affirmatively to probationary treatment; that defendant had no prior record; and that defendant was unlikely to commit another crime.
The trial judge, in setting forth his considerations for sentencing and the facts on which they were based, made special reference to the presentence investigation report,[1] which indicated that the defendant had sexual intercourse with his daughter, the victim, four or five times beginning when she was twelve years old and that defendant beat the victim with an electrical extension cord when "she threatened to reveal what was happening." The pre-sentence investigation report also revealed that the defendant had been having sexual intercourse with his step-daughter, Michelle, age 17, which was also pointed out by the trial judge in his reasons for sentence. *1382 The trial judge also relied on the pre-sentence report when he pointed out that the defendant would offer liquor and cigarettes to the girls in exchange for sexual favors.
Reference was also made by the trial judge to recommendations by Deputy Latour and Child Protection Agency agent, Gerald Rideau, as indicated by the pre-sentence report, that defendant receive the maximum sentence because the defendant was guilty of having sexual intercourse with both the victim and her sister. The trial judge also noted that the report revealed conflicting statements made by the defendant in that defendant denied fondling his daughter in one statement to the Child Protection Agent, yet the defendant in another statement admitted to fondling his daughter.
Finally, the trial judge noted that a counselor at the Acadian Mental Health Clinic, who was contacted during the pre-sentence investigation, stated that the young victim had possibly the lowest self-esteem of anyone she has ever dealt with, that low self-esteem is a symptom of sexual abuse, and that the young victim would have to undergo counseling for quite awhile. The trial judge mentioned these statements of the counselor by referring to the pre-sentence investigation report.
The trial judge stated that the presence of all these factors required a sentence of imprisonment as he found that there was an undue risk that (1) during a period of a suspended sentence or probation the defendant would commit another crime; (2) that the defendant was in need of correctional treatment or a custodial environment that could best be provided most effectively by his commitment to an institution; and (3) a lesser sentence would deprecate the seriousness of the defendant's crime.
We also note that there is substantial evidence in the record to indicate that the defendant has committed several other crimes of carnal knowledge with a juvenile, and another crime of cruelty to a juvenile. Our consideration of a defendant's other criminal activity is not limited to convictions for such criminal activity. State v. Brown, 410 So.2d 1043 (La.1982); State v. Tedder, 471 So.2d 1176 (La.App. 3 Cir. 1985).
An examination of the record leads us to conclude that the trial court did not manifestly abuse its discretion in sentencing the defendant for this crime to the maximum sentence of five years at hard labor. We do not find that the sentence is so disproportionate to the crime committed as to shock our sense of justice.
For these reasons we find that the trial judge did not manifestly abuse his discretion in finding that a lesser sentence would deprecate the seriousness of this particular offense. For these reasons we find that defendant's assignment of error is without merit.
For the above and foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] The pre-sentence investigation report, together with attachments, was filed in the record at the sentencing hearing and can be considered by this Court since the defendant seeks post-conviction relief on the grounds of excessive sentence. LSA-C.Cr.P. Art. 877.