WILLIAM A. CULPEPPER, Judge, Pro Tem.
The issue presented by this appeal is whether the sentences imposed on defendant for armed robbery and aggravated battery totaling sixty years were excessive.
On May 12, 1986, defendant, Paul Lee Robinson, pleaded guilty to one count of armed robbery, a violation of La.R.S. 14:64, and one count of aggravated battery, a violation of La.R.S. 14:34. On October 24, 1986, defendant was sentenced to fifty years at hard labor without benefit of probation, parole or suspension of sentence on the armed robbery charge, and ten years at hard labor on the aggravated battery charge, with the sentences to run consecutively. Defendant now appeals the sentences imposed as being excessive and raises three assignments of error.
On March 7, 1985, defendant and five other persons were traveling through Cal-casieu Parish looking for a location to commit a robbery. After traveling through Sulphur, Vinton and Carlyss, Louisiana, defendant and his accomplices arrived at a convenience store on Sampson Street in Westlake, Louisiana. One of defendant’s accomplices staked out the store and returned to defendant and said that two white males were in the store. Defendant then entered the store where he found two white males, one of whom was a store employee working behind the counter. Armed with a .25 caliber automatic pistol, defendant proceeded to rob both males at gunpoint. Defendant asked the male customer in the store, John Oliver, to turn around so as to avoid seeing him and threatened to shoot Oliver if he did not turn around. At some point during the robbery Oliver turned to face defendant and was beaten and kicked by defendant. After obtaining the money, defendant shot Oliver in the face, grabbed four packs of cigarettes and ran from the store. Oliver survived the shooting after extensive medical and psychiatric treatment, but the bullet remains lodged in his neck.
A police investigation revealed fingerprints of defendant on cigarette packs found outside the store. Subsequently, defendant was arrested and, on October 29, 1985, gave a statement wherein he admitted to the robbery. Defendant was initially charged with one count of attempted first degree murder and one count of armed robbery. On May 12, 1986, pursuant to a plea bargain, the attempted first degree murder charge was amended to aggravated battery and defendant pleaded guilty to the *95 charge of armed robbery and the amended charge of aggravated battery.
At a sentencing hearing held on October 24, 1986, defendant was sentenced to serve fifty years at hard labor, without benefit of probation, parole or suspension of sentence on the armed robbery charge, and ten years at hard labor on the aggravated battery charge, such sentences to run consecutively for a total of sixty years at hard labor.
EXCESSIVENESS OF SENTENCE
Defendant contends in his first assignment of error that the sentences imposed constitute cruel, unusual and excessive punishment in violation of La. Const, of 1974, art. 1 § 20. In assignments of error numbers two and three, labeled as assignment of error number two in defendant’s brief on appeal, defendant contends that the trial court failed to set forth the considerations used in imposing sentence on defendant and the factual basis for such considerations. Since each assignment of error addresses the primary issue of whether the record adequately supports the sentence imposed on defendant, we combine these assignments of error for discussion.
La. Const, of 1974, art. 1, § 20 prohibits the imposition of excessive punishment, and a sentence may be reviewed thereunder even though it falls within the statutory limits allowable under the penalty provisions of the particular crime. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Broussard, 463 So.2d 99 (La.App. 3 Cir.1985). A trial judge has wide discretion in determining a defendant’s sentence and sentences within the statutory limits should not be set aside as excessive absent a manifest abuse of discretion. State v. Nealy, 450 So.2d 634 (La.1984); State v. Terracina, 430 So.2d 64 (La.1983). To constitute an excessive sentence, the penalty imposed must be so grossly disproportionate to the crime in light of the harm caused to society as to shock our sense of justice, or it must be a needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cottingin, 496 So.2d 1379 (La.App. 3 Cir.1986).
In addition to our state’s constitutional prohibition against excessive sentencing, La.C.Cr.P. art. 894.1 sets forth general sentencing guidelines to be used by the trial court which are designed to prevent possible excessive sentences. State v. Vampran, 459 So.2d 1333 (La.App. 1 Cir. 1984); State v. Richard, 450 So.2d 57 (La.App. 3 Cir.1984). In order to comply with the article the trial court need not refer to every aggravating and mitigating circumstance, but the record must reflect that the court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982), appeal after remand, 444 So.2d 96 (La.1983); State v. Sergon, 449 So.2d 193 (La.App. 3 Cir.1984).
In the instant case the trial court sentenced defendant to fifty years at hard labor, without benefit of probation, parole or suspension of sentence on the charge of armed robbery and ten years at hard labor on the aggravated battery charge, such sentences to run consecutively, for a total of sixty years at hard labor. After sentencing defendant the trial judge indicated his belief that both armed robbery and aggravated battery are serious offenses and stated that, under the circumstances, a lesser sentences on either charge would deprecate the seriousness of the offense. The trial judge then stated various aggravating circumstances, pointing out that defendant planned to rob the convenience store and entered with the intention of committing armed robbery, that the incident resulted in severe physical and psychological injuries to the store customer and in psychological trauma suffered by the store clerk, and the fact that defendant was an adjudicated juvenile delinquent and had been twice convicted of theft since reaching the age of majority establishing a pattern of criminal activity. The trial court also pointed out that defendant was armed with a pistol, that he beat and later shot the store patron in the face without provocation after taking the money from the store clerk, and that, despite defendant’s contention that the gun accidentally discharged, defendant threatened to shoot the *96 store customer prior to doing so. The trial court also noted various mitigating factors, including defendant’s youthful age of 20, defendant’s family background and defendant’s admission of guilt. However, the trial court noted that defendant’s admission of guilt to the aggravated battery charge had to be weighed against the fact that the charge was reduced from an earlier charge of attempted murder.
Our examination of the record convinces us that, although the trial court did not articulate every aggravating and mitigating circumstance set forth in art. 894.1, it gave adequate consideration to the guidelines set forth in the article. All aggravating and mitigating circumstances discussed by the trial court are supported in the record by the trial court’s reference to defendant’s pre-sentence report or criminal record or by defendant’s or defense counsel’s own admissions. Where the record affirmatively shows that the trial court considered the sentencing guidelines and articulated some of those guidelines which influenced his decision, the trial court has adequately complied with the statute. State v. Meshell, 473 So.2d 935 (La.App. 3 Cir.1985); State v. Rainwater, 448 So.2d 1387 (La.App. 3 Cir.1984). In summary, we find that the trial court adequately complied with the sentencing guidelines as set forth in La.C.Cr.P. art. 894.1 by particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983).
Moreover, we do not find that the trial court imposed an excessive sentence on defendant in violation of La. Const, of 1974, art. 1 § 20. Defendant received the maximum statutory sentence allowable for aggravated battery of ten years at hard labor. Maximum sentences are generally reserved for the most serious violation of a particular offense and for the worst kind of offender. State v. Jones, 398 So.2d 1049 (La.1981); State v. Duhon, 431 So.2d 120 (La.App. 3 Cir.1983). The defendant in this case shot a victim in the face without being provoked and after taking money during an armed robbery. Under these circumstances we cannot say that the trial court abused its discretion in imposing the maximum sentence for aggravated battery. Also, defendant could have been sentenced to as much as ninety-nine years for the charge of armed robbery. The trial court’s sentence of a total of sixty years out of a possible total of one hundred nine years, is not so grossly disproportionate as to shock our sense of justice. Accordingly, defendant’s assignments of error are without merit.
For the foregoing reasons, the defendant’s sentences are affirmed.
AFFIRMED.