KNOLL, Judge.
Defendant, Dow Anthony Stephens, pleaded guilty to aggravated burglary, a violation of LSA-R.S. 14:60(2) and simple burglary, a violation of LSA-R.S. 14:62. He was sentenced to serve 4 years at hard labor with the Department of Corrections on each conviction, the sentences to run concurrently. Defendant appeals his sentence alleging the trial court erred in imposing an excessive sentence. We affirm.
On October 22, 1987, defendant entered the Rainbow End Shoe Repair, Rosepine Feed & Farm Supply and the Bargain Bam, all located in Rosepine, Vernon Parish, Louisiana, and stole various items, including $232 in cash.
Sometime between November 13th and 14th, defendant entered the town hall in Rosepine and stole $705 in cash and caused *189 $1,243 worth of damage to various offices and machines located in the town hall.
On November 20, 1987, defendant entered the residence of Mrs. Annie M. Fletcher, armed himself with a knife from Mrs. Fletcher’s kitchen, and demanded money. Defendant threatened to kill Mrs. Fletcher if she did not comply. She went to a cedar chest and gave him $80 or $85. Defendant also had Mrs. Fletcher lie in her bed and cover her head with the bed linen. He terrorized the eighty-three year old widow before leaving her home.
On February 2, 1988, defendant surrendered to the Vernon Parish Sheriff’s Office. He was charged with 4 counts of simple burglary, 4 counts of felony theft, 1 count of aggravated burglary, 1 count of robbery and 1 count of simple criminal damage to property. Pursuant to a plea bargain, defendant pled guilty to aggravated burglary and simple burglary. The other nine charges were nolle prossed.
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for aggravated burglary is imprisonment at hard labor for not less than one nor more than thirty years. The maximum sentence for simple burglary is a fine of not more than two thousand dollars or imprisonment at hard labor for not more than twelve years, or both. Defendant’s sentence falls within statutory limits. However, even a sentence which falls within statutory limits may violate defendant’s right against excessive punishment. State v. Cottingin, 496 So.2d 1379 (La.App. 3rd Cir.1986). The sentencing court’s reasons for imposition of a sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
In imposing sentence, the sentencing judge stated:
“... I’m going to note that the defendant’s conduct caused only economic loss and at least insofar as Mrs. Fletcher was concerned, considerable distress. Certainly more serious harm was threatened by his conduct. Fortunately, no one was killed or injured during the course of these offenses.
# ⅜ * * £ ift
I suspect, although I do not know that some explanation for this series of offenses may be found in the high cost of supporting his habits. Certainly no victim inducement was involved here. I do not have any record of any of the victims having been compensated for any of their losses. Now, in this defendant’s favor is the fact that prior to October, 1987, he had no record of arrests or convictions. I do not find any unique circumstances here, unless we describe his willingness to engage in anything, robbery burglary, theft or what have you to support his drug and alcohol habits,
* * * * * *
Mr. Stephens has no prior felony convictions. His conduct in this last series of offenses particularly the terrorizing of an eighty-three year old widow who was alone, accompanied by the taking of her money and the ransacking of her home is so repugnant to notions of human decency as to convince the court that suspension of sentence in this case would only serve to deprecate the seriousness of these offenses, deprive the defendant of treatment which can best be provided in a custodial environment and perhaps even encourgae a repetition of criminal conduct.... I simply do not believe, considering the long list of offenses involved here and the aggravating circumstances involved in the commission of these offenses that it would be appropri *190 ate to consider a suspended sentence. ..
Defendant did not raise an objection to the sentence at the time of sentencing. However, no formal contemporaneous objection at the time of sentencing is necessary to preserve the right of review of a sentence. State v. Grey, 408 So.2d 1239 (La.1982).
The record shows that before the imposition of sentence, the sentencing court ordered a pre-sentence investigation report. The sentencing court considered a letter written on defendant’s behalf by defendant’s brother-in-law, who assured the court that defendant, if granted a probated sentence, would have a place to live and a job in Texas, enabling defendant to make restitution to his victims. The sentencing court also considered a telephone call from the mayor of Rosepine, requesting leniency for the defendant. As can be seen from the court’s sentencing comments, it was gravely concerned that these offenses were committed to support defendant’s drug habit and that defendant terrorized a widow eighty-three years of age and living alone. Although defendant’s conduct only caused economic loss, certainly more serious harm was threatened by his antisocial behavior.
The sentencing court has wide discretion in sentencing matters and the sentencing choice should not be disturbed absent an abuse of discretion. The sentencing court felt that it would be inappropriate to consider a suspended sentence for defendant in light of the long list of offenses and the aggravating circumstances involved in the commission of these offenses. Defendant received 4 years at hard labor on each conviction, the sentences to run concurrently. Defendant’s sentence is in the lower range of the permissible sentence. After a careful review, we find the record fully supports the sentencing choice. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence particularized to defendant and not so disproportionate to the crimes committed as to shock our sense of justice. Therefore, we conclude that defendant’s sentence is not constitutionally excessive.
DECREE
For the foregoing reasons, the sentence of defendant, Dow Anthony Stephens, is affirmed.
AFFIRMED.