696 So.2d 81 (1997)
STATE of Louisiana, Appellant.
v.
Alvin Wayne BRANCH, Defendant-Appellee.
No. 96-1626.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1997.
*82 Charles F. Wagner, District Atty., for State.
Willard Trichel Armitage, Jr., Alexandria, for Alvin Wayne Branch.
Before YELVERTON, COOKS and GREMILLION, JJ.
GREMILLION, Judge.
In this appeal, the State claims the trial court erred by amending Defendant's five-year sentence to run concurrently with his existing sentence of ten years. We reverse and remand with instructions.

FACTS
Defendant, Alvin Wayne Branch, was charged by bill of information with distribution of a controlled dangerous substance, schedule II, in violation of La.R.S. 40:967(A). Ultimately, Defendant withdrew his plea of not guilty and entered a plea of guilty. Pursuant to a plea agreement, the trial court sentenced him to serve five years at hard labor, to run consecutively with his sentence in a prior conviction. Eight months later, the trial court summarily and ex parte granted Defendant's pro se Motion for a Concurrent Sentence. Finally, the trial court denied the State's Motion to Reconsider. The State now seeks appellate review. We reverse and render accordingly.

PROCEDURAL HISTORY
Some procedural history is necessary regarding Defendant's criminal record. On March 11, 1991, Defendant entered a plea of guilty to possession with intent to distribute cocaine (Docket No. 229,477). On August 21, 1995, Defendant was sentenced to ten years at hard labor for distribution of cocaine (Docket No. 239,010), to run concurrently with the sentence in Docket No. 229,477. On November 7, 1994, Defendant was arrested on a drug charge and entered a plea of guilty to the present charge of distribution of cocaine on February 2, 1996 (Docket No. 241,060). On February 12, 1996, the trial court sentenced him to serve five years at hard labor to run consecutively with the ten-year sentence Defendant received in Docket No. 239,010. The sentence was a stipulated sentence pursuant to a plea bargain in which the State agreed that if Defendant pled guilty to Docket No. 241,060, Defendant would receive five years at hard labor in exchange for the State not filing a habitual offender bill against him.
On or about September 20, 1996, Defendant filed a pro se Motion for a Concurrent Sentence, petitioning the trial court to modify his five-year sentence to have it run concurrently with his ten-year sentence previously imposed under Docket No. 239,010. The District Attorney's office was not served with, nor provided a copy of this motion. The trial court, ex parte, granted Defendant's motion on October 3, 1996. On October 25, 1996, the State filed a Motion to Reconsider, which was summarily denied by the trial court. The State appeals, assigning three assignments of error.

ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
The State claims the trial court erred in modifying, ex parte, a stipulated sentence entered by the trial court as a result of a plea bargain between Defendant and the State after execution of sentence had begun, and in failing to grant the State's Motion to Reconsider the trial court's ex parte amendment to the original sentence.
The State filed a Motion to Reconsider Sentence twenty-one days after Defendant's Motion for a Concurrent Sentence was granted. La.Code Crim.P. art. 881.2(B) provides that the State may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
(a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
(b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and
(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.
*83 In this case, the State did not object at the time sentence was imposed because the sentence was in accordance with the plea agreement. However, the State did file a Motion to Reconsider Sentence after the trial court granted Defendant's Motion for a Concurrent Sentence without notice to the State. The State was not contesting the sentence given, but was contesting the trial court's actions in arriving at the new sentence.
La.Code Crim.P. art. 912(B) lists adverse judgments from which the State may appeal: a motion to quash an indictment or any count thereof; a plea of time limitation; a plea of double jeopardy; a motion in arrest of judgment; a motion to change the venue; and a motion to recuse. In this instance, the State should not have filed this appeal since there was no ground for appeal under La. Code Crim.P. art. 912(B). Instead, the State should have filed a writ requesting the court to review the trial court's actions under La. Code Crim.P. art. 912.1(C).
A writ would be properly before this court since Rule 4-3 of the Uniform RulesCourts of Appeal gives a party thirty days from the date of the ruling at issue in which to give notice of intent and request a return date to file a writ. We find that the State could have filed a timely writ, which this court could have considered by exercising its supervisory jurisdiction under Art. V, § 10 of the Louisiana Constitution of 1974. Therefore, we shall accord this matter writ status on our own motion.
A defendant who wishes to contest his conviction and sentence, must follow the proper procedures articulated in the Louisiana Code of Criminal Procedure. There are four vehicles for relief available to the Defendant after his conviction and sentencing: (1) an appeal, (2) application for post-conviction relief, (3) a motion to reconsider sentence, and (4) a motion to amend the sentence. Each vehicle for relief must be timely filed.
Defendant's Motion for a Concurrent Sentence was not filed within thirty days of imposition of sentence and he did not file a timely appeal. Thus, the judgment became final, and, once final, Defendant's possibilities for review were limited. Review by appeal or motion to reconsider sentence were no longer viable. Thus, Defendant should have either filed a motion pursuant to La. Code Crim.P. art. 881.5 alleging illegality of sentence, or filed a motion pursuant to La. Code Crim.P. art. 881 if he had not begun to serve his sentence at hard labor. Defendant filed the latter.
In his motion, Defendant requested that the trial court reduce his sentence to run concurrently since, "[a]t the time of his sentence, relator's attorney failed to request to the sentencing judge, to have his sentence to run concurrent with his 10-year sentence in another case." Defendant was sentenced on February 12, 1996, and did not file his motion until September 20, 1996. It was summarily granted by the trial court on October 3, 1996, without notice to the State. Further, there is no evidence in the record that the trial court granted Defendant additional time under La.Code Crim.P. art. 881.1(A)(1) in which to file his motion.
La.Code Crim.P. art. 881 provides:
A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
B. After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. If a sentence is reduced or amended, a copy of the minute entry reflecting the judgment reducing or amending the sentence shall be furnished to the district attorney and the arresting law enforcement agency.
In the present case, Defendant filed his Motion for Concurrent Sentence seven months after it was imposed and after the execution of his sentence had begun. The sentence was a felony conviction with a sentence of hard labor. The trial court had no authority to amend Defendant's sentence under Article 881.
*84 In order to properly address Defendant's motion, it is necessary to determine the length of time Defendant has in which to seek amendment of his five-year sentence. As discussed above, Article 881 allows amendment of sentence prior to the beginning of execution of the sentence. The article makes no distinction between concurrent and consecutive sentences, nor does it address the question of multiple sentences. Thus, it is necessary to determine when execution of a consecutive sentence begins.
La.R.S. 15:566.2 provides that a sentence shall be considered as commencing on the day following the day on which a defendant is sentenced without regard to the date of incarceration in the state penitentiary. La.R.S. 15:566.2 is in Chapter 4, Execution of Sentence, whereas Article 881 falls under the sentencing provisions of Title 30. Article 881, if interpreted literally with La.R.S. 15:566.2, gives a defendant whose sentence is not stayed less than one day to have his sentence amended. Any other interpretation would mean that a sentence can be amended until the defendant started serving that particular sentence, creating numerous problems. For example, in the instant case, Defendant's initial sentence was ten years at hard labor. The sentence in question was to run consecutive to the initial sentence. Unless Article 881 is interpreted literally with La.R.S. 15.566.2, Defendant would have ten years to amend his sentence before he would be barred by Article 881. We find that such an interpretation was not the intent of Article 881. See comments to La.Code Crim.P. art. 881. Additionally, with the enactment of Article 881.1, a defendant has thirty days after sentencing to file a Motion to Reconsider Sentence, and an illegal sentence can be corrected at any time pursuant to Article 882. Thus, a defendant is given sufficient time to convince the trial court to alter his sentence, without the need for a liberal interpretation of Article 881.
We are further guided by the Louisiana Supreme Court in State v. Guajardo, 428 So.2d 468, 470 (La.1983), which stated:
The language of Article 881 itself indicates that the execution of a sentence does not commence with its imposition, since the article contemplates a period of time after its imposition during which the trial judge may amend the sentence. Furthermore, our law fixes the day after imposition as the point of commencement of a hard labor sentence. La.R.S. 15:566.2.
Likewise, we take guidance from this court's decision in State v. Broussard, 463 So.2d 99 (La.App. 3 Cir.1985). There, this court took the position that Article 881 and La.R.S. 15:566.2 should be read together. In a footnote in Broussard, this court noted the trial court deferred execution of the defendant's sentence until March 23, 1984, though he had been sentenced on March 13, 1984. The defendant filed a "Motion to Review Sentence" which was presented to and ruled on by the trial court on March 27, 1984. A hearing on the motion was held on April 9, 1984. This court stated, "[t]he defendant had thus, presumably, already began to serve his sentence, before the date the Order was signed and before the date of the hearing, and the trial judge would have been without legal authority to amend or suspend the sentence originally imposed. See, LSA-R.S. 15:566.2; LSA-C.Cr.P. Arts. 881, 894." Id. at 100, n. 2.
Finally, we find guidance in State v. Neville, 95-0547 (La.App. 4 Cir. 5/16/95); 655 So.2d 785, writ denied, 95-1521 (La.9/29/95); 660 So.2d 851. In Neville, the trial court amended the court minutes to allow the defendant to file a motion to reconsider sentence within eighteen months of imposition of his sentence pursuant to Article 881.1. Following the application of an emergency writ of review by the State, our colleagues on the Fourth Circuit found this to be an amendment of sentence which fell under Article 881 and, as such, the trial court was without authority to amend the sentence because the defendant had already begun serving his sentence at hard labor. The court in Neville, 655 So.2d at 787, quoted in part the Official Revision Comment which follows La.Code Crim.P. art. 881:
[T]he judges [Louisiana district judges] are strongly against any provision, such as Fed.Rule 35, which authorizes reduction of a sentence after the beginning of its execution. Such a procedure can subject the *85 sentencing judge to continuous harassment by the defendant's relatives, friends, and attorneys, and would virtually constitute the judge a "one man pardon board" as several of the judges aptly point out.
We are cognizant of and in full agreement with our holding in State v. Townley, 94-1002 (La.App. 3 Cir. 5/3/95); 657 So.2d 129, writ denied, 95-2371 (La.1/26/96); 666 So.2d 669. In Townley, the defendant escaped while serving a sentence of imprisonment in the Louisiana Department of Corrections. Following his apprehension and while he was still serving time on the original sentence, he was convicted of the offense of simple escape, adjudicated a third felony offender pursuant to La.R.S. 15:529.1(D)(2)(b), and sentenced to five years at hard labor to run consecutive to the sentences he was already serving. Based on that set of facts, we held that the defendant was not entitled to credit for time served pending sentencing on the subsequent conviction when he is serving time for a parole violation or for a separate offense from the one for which he is awaiting sentencing. While we held that a sentence ordered to run consecutive to a prior sentence does not begin to run until the prior sentence is served in full, that holding is limited to the factual situation in Townley and similar cases. That case can be distinguished from the instant case where the issue involves the time limitations for amendment of sentence under La.R.S. 15:566.2 and Article 881.
Therefore, we hold that La.R.S. 15:566.2 and Article 881 should be read together. Under those statutes, a defendant has less than one day to seek amendment of his sentence. Of course, a defendant may timely file a Motion to Reconsider Sentence under Article 881.1 and appeal his sentence as excessive. In the instant case, Defendant did neither. The trial court erred in entertaining his Motion for Concurrent Sentence as it lacked jurisdiction or authority to amend the sentence after it commenced. Accordingly, these assignments of error have merit and the ruling of the trial court is reversed and vacated, and Defendant's consecutive sentence is reinstated.

ASSIGNMENT OF ERROR NUMBER 2
Since we have found merit in the State's other assignments of error, we shall not address this assignment of error.

ERRORS PATENT
After reviewing the record for errors patent pursuant to La.Code Crim.P. art. 920, we find one error patent. The record indicates that neither the trial court transcript nor the minutes reflect Defendant was given credit for time served pursuant to La.Code Crim.P. art. 880. We, therefore, remand this case and order the trial court to amend the commitment and minute entry of the sentence to reflect that Defendant is given credit for time served. State v. Moore, 93-1632 (La. App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La.3/30/95); 651 So.2d 858.

CONCLUSION
We exercise the supervisory jurisdiction of this court and accord this matter writ status. The trial court's ruling granting Defendant's Motion for Concurrent Sentence is reversed and vacated, and Defendant's consecutive sentence is reinstated. This case is remanded and the trial court is ordered to amend the commitment and minute entry of the sentence to reflect that Defendant is given credit for time served.
REVERSED; RENDERED; AND REMANDED WITH INSTRUCTIONS.
COOKS, J., dissents.
COOKS, Judge, dissenting.
The holding in State v. Townley applies to the instant case.