# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 09-1136

**STATE OF LOUISIANA**

**VERSUS**

**L. B.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8751-07
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**14th Judicial District Court District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Shane Hinch**
**Attorney at Law**
**1111 Ryan Street**
**Lake Charles, LA 70605**
**(337) 494-5682**
**Counsel for Defendant/Appellant:**
**L. B.**

**GREMILLION, Judge.**

The Defendant, L.B., was found guilty of three counts of aggravated rape and one count of attempted aggravated rape. He was sentenced to life imprisonment on each count of aggravated rape and fifty years at hard labor for the attempted aggravated rape conviction. The trial court ordered all of the sentences to be served without benefit of probation, parole, or suspension of sentence and to run concurrently with each other.

On appeal, Defendant's conviction for the aggravated rape of A.C. was reversed because the jury verdict was not unanimous. *See State v.* [*L.B.*], 08-1061 (La.App. 3 Cir. 4/1/09), 6 So.3d 982. Defendant's sentence was vacated, and the matter was remanded to the trial court for further proceedings. *Id.* The sentence for attempted aggravated rape was vacated because it was illegally excessive and the matter was remanded to the trial court for resentencing. *Id.* This court further found the trial court erred when imposing the sentences for the remaining two counts of aggravated rape without benefit of probation, parole, or suspension of sentence. This court amended those sentences to delete the portion of the sentences to be served without benefits and instructed the trial court to note the amendments in the court minutes. *Id.*

On June 17, 2009, the trial court resentenced Defendant to serve twenty years at hard labor for attempted aggravated rape. The trial court then "adjusted" the two sentences for aggravated rape to life at hard labor.

A motion for appeal was filed on July 17, 2009, and was subsequently granted. Defendant is now before this court asserting two assignments of error. First, Defendant contends the trial court erred at the resentencing by refusing to consider

suspending, probating, or commuting his life sentences once the previous sentences were amended to reflect simply life at hard labor and not life at hard labor without benefit of parole, probation, or suspension of sentence. Second, the trial court erred at the resentencing by not articulating reasons for imposing the sentences, as required by Louisiana Code of Criminal Procedure Article 894.1.

There are no errors patent, and we, thus, proceed to the first assignment.

## ASSIGNMENT OF ERROR NO. 1

At the resentencing hearing, the trial court "adjusted" Defendant's sentences for aggravated rape. Defense counsel subsequently asked that the two sentences for aggravated rape "be imposed but it be suspended to the 20 years." The trial court denied the request.

Louisiana Code of Criminal Procedure Article 881(A) provides for the amendment or modification of sentence as follows: "Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence." Louisiana Revised Statute 15:566.2 states that a sentence "shall be considered as commencing on the day following the day on which such prisoner is sentenced without regard to the actual date of incarceration in the state penitentiary."

In *State v. Branch*, 96-1626 (La.App. 3 Cir. 5/21/97), 696 So.2d 81, this court read La.R.S. 15:566.2 and La.Code Crim.P. art. 881 together and found that a defendant had less than one day to seek amendment or modification of his sentence. However, the court noted that a defendant may timely file a motion to reconsider his sentence and appeal his sentence as excessive.

3

In Defendant's previous appeal, this court amended Defendant's sentences for aggravated rape and ordered the trial court to note the amendment in the court minutes. Instead of amending the court minutes, the trial court "adjusted" Defendant's sentences for aggravated rape in open court. Defendant was not resentenced, as his sentences had already been amended by this court and the trial court was merely setting forth the amendment for the record. As Defendant sought modification of his sentences more than one day after execution of the sentences, the trial court properly denied his request.

## ASSIGNMENT OF ERROR NO. 2

Defendant did not object to the sentences based on the trial court's failure to articulate reasons at the time they were imposed or file a motion to reconsider sentence. Further, in brief to this court, Defendant has not alleged that his sentences are excessive.

In *State v. Baylor*, 08-141 (La.App. 3 Cir. 11/26/08), 998 So.2d 800, *writ denied*, 09-0275 (La. 11/20/09), 25 So.3d 795, the defendant asserted that the trial court failed to give reasons for imposing sentence and did not allege his sentences were excessive. This court found that because the defendant had not filed a motion to reconsider sentence, his claims were barred by La.Code Crim.P. art. 881.1.

Based on this court's ruling in *Baylor* and the fact that the Defendant was not resentenced on the two counts of aggravated rape, we find the Defendant is precluded from seeking review of his claim. Accordingly, we decline to consider this assignment of error.

## DECREE

The trial court sentences are affirmed.

4

**AFFIRMED.**