## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-322


**STATE OF LOUISIANA**

**VERSUS**

**JEREMY ERIC CARTER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 136305
HONORABLE ROYALE L COLBERT, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**REVERSED AND RENDERED.**

**Donald Dale Landry**
**District Attorney, Fifteenth Judicial District**
**Alan P. Haney**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana**

**Randal Paul McCann**
**Attorney At Law**
**1005 Lafayette Street**
**Lafayette, LA 70501**
**(337) 654-9804**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Jeremy Eric Carter**

**PICKETT, Chief Judge.**

## FACTS

On July 18, 2011, the defendant, Jeremy Eric Carter, was convicted of the offense of armed robbery, committed in violation of La.R.S. 14:64. Subsequently, the state filed a habitual offender bill seeking to have the defendant sentenced as a third felony offender relying on his prior convictions of simple burglary and possession of cocaine. On April 25, 2013, the trial court adjudicated the defendant a third felony habitual offender. Under the habitual offender sentencing guidelines, the court was required by law to impose a minimum sentence of sixty-six years at hard labor. In spite of this, the trial court imposed a sentence of twenty years at hard labor. Although the sentence was clearly illegally lenient, the state did not file an appeal. Therefore, when the legal delays for seeking an appeal ran, the conviction and sentence became final.

On March 30, 2023, the defendant filed a pleading entitled Motion to Correct an Illegal Sentence. In that motion, the defendant did not contest the term of the sentence, but challenged the validity of the habitual offender adjudication.

The trial court held a hearing on September 20, 2023. At the conclusion of the hearing it ordered that the defendant's sentence be reduced to "time served" and that he be immediately released. The state requested a stay order while it sought appellate review. The request was denied.

On September 25, 2023, the trial court signed a written order amending the defendant's sentence to time served and releasing him from custody. The state filed a notice of intent to file a supervisory writ application on September 20, 2023, the day of the hearing. It then filed a motion for appeal on November 2, 2023, asking the trial court to consider the initial notice of intent to seek writs as a timely filed motion for appeal. The trial court granted the state's appeal, and the trial court ruling is now before this court for review.

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are errors patent concerning sentencing, one of which is raised and addressed as an assigned error. Because this error requires the defendant's sentence to be vacated, the remaining errors patent are rendered moot.

## ASSIGNMENTS OF ERROR

I.  The Trial Court erred in granting the defendant's Motion to Correct an Illegal Sentence.

II.  The Trial Court erred in resentencing the defendant to "time served" which is an illegal indeterminate sentence.

III.  The Trial Court erred in resentencing the defendant to a term of years below the mandatory minimum sentence as required by La.R.S. 15:529.1.

IV.  The Trial Court violated the separation of powers and unconstitutionally reduced the defendant's sentence invading the governor's clemency and pardon powers.

## DISCUSSION

Ultimately, we find the trial court lacked the authority to amend the defendant's sentence. We will first discuss why the trial court lacked authority to consider the defendant's petition given the procedural posture of this matter. Next, we explain why the trial court applied the incorrect law in reaching its decision at the hearing on the defendant's petition.

**The petition filed by the defendant**

The petition filed by the defendant is entitled "Motion to Correct an Illegal Sentence." It is, however, the content of the pleading, not its caption, that determines its nature. *State ex rel. Daley v. State*, 97-2612 (La. 11/7/97), 703 So.2d 32.

Louisiana Code of Criminal Procedure Article 881.5, titled "Correction of illegal sentence by trial court," provides as follows (emphasis ours):

2

On motion of the state or the defendant, or on its own motion, at any time, the court may correct a sentence imposed by that court **which exceeds the maximum authorized by law**.

Though inmates may challenge their sentences at any time through a motion to correct an illegal sentence, unless the claim alleges an illegal term under the sentencing statute, it does not constitute an illegal sentence claim. *State v. Parker*, 98-256 (La. 5/18/98), 711 So.2d 694. In the matter before us, there is no allegation, nor can the defendant identify, any term in his sentence that exceeds the maximum authorized by law as required by Article 881.5. In his pleading, the defendant, in fact, makes no reference to, or argument regarding, any aspect of the term of his sentence. His sole argument is that the predicate offenses do not support his habitual offender status. The actual term of his sentence was not before the court. Based on the content of the pleading, this cannot be considered a motion to correct an illegal sentence.

A defendant may, however, also seek review of his conviction and sentence through 1) an appeal, 2) an application for post-conviction relief, 3) a motion to reconsider sentence, and 4) a motion to amend sentence. Each must be timely filed. *State v. Branch*, 96-1626 (La.App. 3 Cir. 5/21/97), 696 So.2d 81.

The defendant was sentenced almost ten years prior to filing the motion before us. The statutory delays for seeking review through an appeal, a motion to reconsider sentence, and a motion to amend sentence had lapsed when he filed the instant pleading. In addition, we note that sentencing issues, other than ineffective assistance of counsel claims, are not cognizable on collateral review. *State v. Harris*, 18-1012 (La. 7/9/20), 340 So.3d 845.

Reviewing the actual issue raised in this pleading, the defendant argues the that trial court erred by using his conviction for possession of cocaine as a basis for adjudicating him a third felony habitual offender. Regardless of the title on the

3

pleading, this is actually an application for post-conviction relief, and we will consider it such.

As an application for post-conviction relief, the pleading is bound by the prescriptive period set forth in La.Code Crim.P. art. 930.8. The defendant's judgment of conviction and sentence became final in May 2013. La.Code Crim.P. arts. 914, 922. He then had two years from the date his conviction and sentence became final to seek post-conviction relief. La.Code Crim.P. art 930.8. The defendant did not file the present motion in the trial court until March 2023, which was far after the time period for seeking post-conviction relief had run. Therefore, the defendant's pleading was not timely filed with the trial court.

Even though an application for post-conviction relief may be untimely filed, the trial court may consider the merits thereof if a defendant both alleges and proves that it falls into one of the narrow exceptions to the time limitation set forth in La.Code Crim.P. art. 930.8. The defendant's claim does not meet any of these exceptions.

Since all delays had run for seeking post-conviction relief, the defendant's petition is considered untimely and should not have been considered by the trial court. We hereby find the claim to be untimely, and for that reason we deny the defendant's petition.

**Action of the trial court**

The sole issue raised in the defendant's petition was the legality of using a felony drug conviction that carried a sentence of less than ten years as one of the prior convictions upon which his habitual offender adjudication was based. The applicable law in 2009 clearly provides that the complained-of conviction could be used. In addition to the issue being raised untimely, there is no legal merit to the defendant's claim.

4

Although the defendant raised no issue regarding the term of his sentence in the petition, the trial court, sua sponte, reviewed his sentence and ultimately amended it. The following exchange took place between the state and the trial court:

MR. HANEY [Assistant District Attorney]:

Judge, I have a 2009 book. This is a 2009 book.

THE COURT:

I don't want to see it. I'm going to agree with Mr. Haney -- I mean, I'm sorry, with Mr. McCann.

MR. HANEY:

And what?

THE COURT:

I'm going to, I think, he shouldn't be a habitualized –

MR. HANEY:

All right. I need a writ.

THE COURT:

Well, take your writ, but I'm going to agree with Mr. McCann. In the meantime, I want to put in all the programs that this young man has done, which I find to be, at the very least, a good reason for me. So, I want his one hundred hours pre-released to be put in the record. I want his Angola Team CPR put in the record. I want his DAD program put in the record. I want his Self Help Therapeutic program put in the record. I want his certificate of appreciation by the staff at Angola put into the record. I'm not done. So, we're talking about someone who has been rehabilitated. I want his Men of Faith put in the record. I want his Narcotics Anonymous put in the record. I want Mr. Carter's Alcoholics Anonymous put in the record. I want his Tip Of The Week Completion -- Department of Parole (phonetic) put in the record. I want his service chip be put in the record. I want his Narcotics Anonymous chip put in the record. I want his Vest Inmates program put in the record. I want all of his programs that this young man has done put in the record.

Mr. Haney, I understand what you are saying. I probably might agree with you, except for this time, we don't have the law in front of us. So I'm going with my gut feeling. I just believe he has done –

5

MR. HANEY:

Judge, I'd like an opportunity to present the law to you so that you can see it, Judge.

THE COURT:

You can present it to me, but I think my decision in this case is final, so take it up with the third circuit. I am agreeing –

MR. HANEY:

I ask for a stay, so that he doesn't get out of jail.

THE COURT:

And I am denying it. And I will say, but for him trying to rehabilitate himself, he would still be in there. However, either we believe in rehabilitation, or we don't.

MR. MCCANN [Defense counsel]:

Sir, are we granting –

THE COURT:

I am granting his motion. It's not very often I disagree with Judge Reuben [sic], not very often at all. However, we [can't] ask for somebody to do better than what he did.

Two days later, the trial court signed an order amending the defendant's twenty-year sentence to time served and released him from custody.

Under the provisions of La.Code Crim.P. arts. 882 and 881.5, a trial court may correct an illegally **excessive** sentence at any time. It makes no provision for amending an illegally lenient sentence, such as the one before us, that was not appealed by the state and has become a final judgment of the court. Even a legal sentence is reviewable by a trial court under certain circumstances. There are, however, limits on a trial court's legal authority to conduct such a review. The Louisiana First Circuit thoroughly reviewed the law pertaining to a trial court's authority to amend a sentence in *State vs. Gedric*, 99-1213 (LaApp. 1 Cir. 6/3/99), 741 So.2d 849, *writ denied*, 99-1830 (La. 11/5/99), 751 So.2d 239. Therein, the court stated:

6

Even if the sentence is legal, the court "may amend or change the sentence, *within the legal limits of its discretion*, prior to the beginning of execution of the sentence." La.Code Crim.P. art. 881(A) (emphasis added). After commencement of execution of the sentence, "in felony cases in which the defendant has been sentenced to imprisonment *without hard labor and in misdemeanor cases*, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation." La.Code Crim.P. art. 881(B)(1) (emphasis added).

After appeal attempts are exhausted, the trial court lacks jurisdiction to take any action in a criminal proceeding other than the actions specified in La.Code Crim.P. art. 916 (none of which authorize a change in a legal sentence), or "as otherwise provided by law" (such as to handle an application for a writ of habeas corpus or an application for postconviction relief). *See State v. Coleman*, 465 So.2d 709, 712 (La.1985). Under article 916(3), the trial court retains jurisdiction to correct an illegal sentence or to take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.

For felony cases in which the defendant has been sentenced to imprisonment at hard labor (as in this case), there is no authorization for the court to amend the sentence after execution of the sentence has begun unless the court grants a timely filed motion to reconsider sentence. *See State v. Branch*, 96-1626 (La.App. 3rd Cir.5/21/97), 696 So.2d 81. A motion to reconsider sentence must be filed within 30 days after imposition of sentence (unless the court at sentencing sets a longer time). La.Code Crim.P. art. 881.1(A)(1). An "out-of-time" motion to reconsider sentence is not contemplated by the Code of Criminal Procedure nor allowed by the jurisprudence. *See State v. King*, 95-344, p. 1 n. 1 (La.App. 3rd Cir.10/4/95), 663 So.2d 307, 308 n. 1, *writ denied*, 95-2664 (La.3/15/96), 669 So.2d 433. If the court grants a motion to reconsider sentence, it may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence. La.Code Crim.P. art. 881.1(B).[1]

Article 822 does not purport to modify jurisprudential or statutory authority for consideration of a motion to reconsider sentence. The statutory framework, set out above, prevents a judge from becoming a "one man pardon board." *See* La.Code Crim.P. art. 881, comment (a). Accordingly, the trial court's ruling of May 14, 1999, modifying defendant's sentence to time served hereby is vacated, and defendant's original sentence of ten years at hard labor is reinstated.

*Id.* at 852.

The trial court exceeded its authority under the law by amending a sentence that was not legally excessive, sentencing the defendant to "time served," and

---

[1] This section is now numbered 881.1(C).

ordering his immediate release.[2]  The trial court clearly erred by illegally amending the defendant's sentence to time served and releasing him from custody.  That judgment is reversed and the defendant's twenty-year sentence is reinstated.

The remaining assignments of error filed by the state are rendered moot.

## CONCLUSION

The defendant's application for post-conviction relief regarding his habitual offender status is denied and the judgment of the trial court granting relief is reversed.

The judgment of the trial court amending the defendant's twenty-year sentence to "time served" and ordering his release from custody is reversed.  His original sentence is reinstated.  He is ordered to serve the remainder of his original sentence.  The trial court is ordered to enter a minute entry that the defendant's original sentence is reinstated.

**REVERSED AND RENDERED.**

---

[2] When resentenced the defendant was not present in court as required by La.Code Crim.P. art. 835.  Further, his sentence was not orally pronounced in open court in violation of La.Code Crim.P. art. 871(A).