FORET, Judge.
On November 13,1982, defendant, Mitchell Stine, plead guilty to two counts of simple burglary. The trial court sentenced him on each charge to serve four years at hard labor, these sentences to run concurrently. The court, however, suspended the sentences and placed defendant on supervised probation for four years, subject to certain conditions[1].
On November 18, 1985, defendant plead guilty to four counts of simple burglary and was sentenced on each count to serve six years in the parish jail, these sentences to run concurrently[2]. At that time, defendant admitted that he had violated his probation, and the trial court revoked probation on the 1982 convictions. In revoking the defendant’s probation, the trial court amended the previous four-year sentence at hard labor to four years in the parish jail and ordered that this sentence run concurrently with the six-year parish jail sentences. On November 21, 1985, the trial judge set aside this amendment, ordering that the four-year sentence be served at hard labor. Defendant has appealed and assigns as error the trial judge’s setting aside the amendment to the four-year sentence.
Defendant contends that, at the time of the revocation of his probation, the trial court was authorized to amend the four-year sentence at hard labor to four years in the parish jail since the sentence had not yet been executed. In support of his position, defendant cites LSA-C.Cr.P. art. 881 which provides that:
*401 “Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.”
On the other hand, defendant maintains that when the trial court set aside the amendment to the sentence and reinstated the original sentence, it acted in contravention of Art. 881 because, by that time, defendant had begun serving his sentence in the parish jail.
While defendant is correct in his contention that Art. 881 would prohibit a court from amending or otherwise changing a legal sentence once it had been executed, the article does not prohibit the correction of an illegal sentence. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. LSA-C.Cr.P. art. 882. Therefore, if the court’s original amendment to defendant’s four-year sentence (ordering it to be served in the parish jail rather than at hard labor) was illegal, the court’s setting aside the amendment was authorized by Art. 882 and could be made at any time, regardless of whether execution of sentence had begun.
The court’s initial amendment of defendant’s sentence was illegal. The revocation of a defendant’s probation based on that defendant’s commission of another offense is governed by LSA-C.Cr.P. art. 901. However, Art. 901 must be viewed in conjunction with LSA-C.Cr.P. art. 900.
Art. 900 provides, in part, that in the event of revocation, a defendant “shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court.” (Emphasis added.) The mandatory language of this article (“shall”) clearly requires that defendant serve the suspended sentence which was originally imposed. The trial court has no discretion to amend or otherwise change this sentence except to give credit for time served on probation. Art. 901 specifically deals with probation revocation due to defendant’s commission of another offense and, in pertinent part, C(l) provides that: “No credit shall be allowed for time spent on probation or for the time elapsed during suspension of the sen-tence_” Read together, these two articles require that, in the event of revocation, a defendant must serve the sentence that was imposed by the court and suspended. If the revocation is not based on the commission of another offense, the court may allow credit for time served on probation but, otherwise, the court may not allow any such credit.
In the present case, when the trial court amended defendant’s sentence from four years at hard labor to four years in the parish jail, the trial court acted in contravention of Articles 900 and 901. This amendment was illegal and, when the court subsequently set aside the amendment, it was correcting an illegal sentence. That the execution of defendant’s sentence had already begun was wholly irrelevant. C.Cr.P. art. 882 authorized the trial court to set aside the illegal amendment to defendant’s sentence at any time.
DECREE
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Our docket numbers CR86-111 and CR86-112. For a separate opinion rendered in CR86-112, see State v. Stine, 495 So.2d 401 (La.App. 3 Cir.1986).

. 14th Judicial District Court No. 6542-85.