# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 04-1188 c/w 04-1189

**STATE OF LOUISIANA**

**VERSUS**

**BRANDON K. MARTIN**

**************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16544-01 and 11398-02
HONORABLE J. DAVID PAINTER, DISTRICT JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

**JUDGMENT REVERSED,
SENTENCE SET ASIDE,
REMANDED.**

Hardy Parkerson
Attorney at Law
3309 Common Street
Lake Charles, Louisiana 70601
(337) 478-6126
COUNSEL FOR APPELLEE:
    Brandon K. Martin

Rick Bryant
District Attorney
Paul P. Reggie
Carla S. Sigler
Assistant District Attorney
P.O. Box 3206
Lake Charles, Louisiana 70602
(337) 437-3400
COUNSEL FOR APPELLANT:
    State of Louisiana

**COOKS, Judge.**

## STATEMENT OF THE CASE

The State of Louisiana (State) appeals the trial court's amendment of Brandon K. Martin's original sentence and the denial of its Motion to Correct Illegal Sentence.

## STATEMENT OF THE FACTS

On August 13, 2001, Martin was charged by bill of information with DWI third offense, a violation of La.R.S. 14:98 and driving without a license. In another bill of information, based on a separate offense, Martin was charged with another DWI third offense and with careless operation of a vehicle and hit and run.

On May 14, 2002, Martin pled guilty to two counts of DWI third offense. On each count, Martin was sentenced to serve one year in the custody of the Department of Corrections, with all but thirty days of the sentence to be imposed without benefit of probation, parole, or suspension of sentence and with credit for time served. The remainder of the sentence was suspended. The trial court ordered that the one year and thirty days on each count were to run consecutively. In addition, the trial court ordered a $2000.00 fine and court costs imposed on each count which were to run concurrently. The transcript of the sentencing provides as follows:

THE COURT: I'll accept the plea. Read along with me to make sure we got everything we need to put in this, 'cause there obviously is a lot of other – on the first offense which is number 1654-01, DWI third offense, Mr. Martin I'm gonna sentence you to one year – I guess we can do that in parish –yeah – doesn't say with hard labor – parish prison.

MR. REGGIE: With or without? Parish would be without.

THE COURT: Oh, I'm sorry. That's what I was looking for. I found the language – it's back further up in it. Okay.

MR. REGGIE: It makes no matter to me. I was just –

THE COURT: Yeah. All the State evaluation – it'd be better with. So let's go ahead and make it DOC. Because a lot of the things that we're gonna require to do the State's gonna be doing – better to have them do it.

. . . .

THE COURT: All right, then. And so far as the second charge is concerned, I'm gonna sentence him to the mandatory one year in the DOC. Fine, $2000 plus court costs. And on that he is to serve 30 days of the sentence of imprisonment without benefit of probation, parole, or suspension of sentence.
I'm going to make the one year and the 30 days consecutive.
I'm gonna make the $2000 and the costs concurrent.

Although the transcript of the hearing indicated the trial court ordered the sentences to run *consecutively,* the minute entry indicated the trial court ordered the sentences to run *concurrently.* The minute entry dated May 14, 2002 reflects the following:

As to #16544-01, the Court sentences the defendant to serve one (1) year in the custody of the Louisiana Department of Corrections; however, all but thirty (30) days of this time, without benefit of probation, parole of (sic) suspension of sentence is suspended. In addition, the Court sentences the defendant to pay a fine of $2000.00 and Court costs.
. . . .

As to #11398-02, the Court sentences the defendant to serve one (1) year in the custody of the Louisiana Department of Corrections; however, all but thirty (30) days without benefit of probation, parole or suspension of sentence of this time is suspended. In addition, the Court sentences the defendant to pay a fine of $2000.00 and Court costs and orders the same term of home incarceration, probation and special conditions in #16544-01 imposed. The Court orders that the defendant receive credit for time he served on the thirty (30) days imposed in each matter as to these charges only and that this time and the one year DOC time imposed in each matter as well as the fines and Court cost to run concurrent with each other.

On March 5, 2004, Martin appeared in court on charges that he violated the terms of his probation by committing another offense. Martin admitted to the probation violation. The trial court revoked his probation. In revoking the defendant's probation, the trial court reinstated Martin's original sentence based on

3

the minutes of the sentencing proceedings which indicated the sentences were to run concurrently. The State objected and requested a transcript of the original sentencing. The State filed a Motion to Correct Illegal Sentence.

On April 14, 2004, a hearing was held on the State's motion. The trial court acknowledged the transcript reflected the sentences were to run consecutively, stating:

> Well, I understand what you say and – but what – looks like that I said and looks like what I meant at the time was that it was one year, be consecutive to the one year and the 30 days mandatory to be consecutive to the other – to the 30 days.
> That's what I believe that I intended and believe what I – looks like from the transcript what I said.

Despite this fact, the trial judge placed Martin on supervised probation for an additional year and amended the sentences to run concurrently. The court stated:

> I will say that because of the confusion I'm gonna make the year concurrent but I'll add – I'm gonna add as an additional condition one more year on probation.
> I don't know – after – once the sentence has been done that long I don't know if I can do it, but this seems to me to be doing justice to the situation.

The State filed this appeal. For the reasons assigned below, we reverse the judgment of the trial court denying the State's Motion to Correct Illegal Sentence. The sentence imposed at the April 14, 2004 hearing is set aside, and Martin's original sentence is reinstated. The case is remanded to the trial court for a determination of whether Martin is to be given credit for time served and for a correction of the minute entry of May 14, 2002 to reflect Martin's sentences are to run consecutively.

## LAW AND DISCUSSION

The State contends the trial court erred in amending Martin's sentence at the revocation hearing. Louisiana Code of Criminal Procedure Article 881 governs amendment of sentence and provides in relevant part:

A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, *prior to the beginning of execution of sentence.*

(Emphasis added.)

On May 14, 2002, Martin pled guilty to the two counts of DWI third offense and, on each count, was sentenced to serve one year in the custody of the Department of Corrections, with all but thirty days of the sentence to be imposed without benefit of probation, parole, or suspension of sentence and with credit for time served. The remainder of the sentence was suspended and the sentences were to run consecutively. The record reflects Martin served seven months in the Department of Corrections. In *State v. Branch*, 96-1626 (La.App. 3 Cir. 5/21/97), 696 So.2d 81, addressed the question of when execution of a consecutive sentence begins. This court noted La.Code Crim.P. art. 881 makes no distinction between concurrent and consecutive sentences. In *Branch,* the Defendant's initial sentence was ten years at hard labor. The sentence which he sought to amend was to run consecutive to that ten year sentence. The Defendant argued he had ten years to amend his sentence since its execution would not begin to run until completion of the initial sentence. This court rejected that argument finding "such an interpretation was not the intent of Article 881." *Id.* at 84. The court stated:

[T]he judges [Louisiana district judges] are strongly against any provision, such as Fed. Rule 35, which authorizes reduction of a sentence after the beginning of its execution. Such a procedure can subject the sentencing judge to continuous harassment by the defendant's relatives, friends, and attorneys, and *would virtually constitute the judge a "one man pardon board"* as several of the judges aptly point out.

*Id.* at 85-86.

The court in *Branch* found a Defendant has several options prior to commencement of his sentence to seek an amendment. As provided in La.Code

5

Crim.P. art. 881.1, a Defendant has thirty days after sentencing to file a Motion to Reconsider Sentence and he has a right to appeal his sentence as excessive.

In this case, the original sentence was legally imposed and Martin had begun its execution. Therefore, under La.Code Civ.P. art. 881, the trial court was without authority to amend his sentence. Moreover, Martin was before the court for a probation revocation hearing. Louisiana Code of Criminal Procedure Article 900 governs the authority of the trial court to amend a Defendant's sentence at a revocation hearing. This statute provides in relevant part:

> A. After an arrest, or service of a summons pursuant to Article 899, the court shall cause the defendant to be brought before it within ten days for a hearing. The hearing may be informal or summary. If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may;
> . . . .
> (5) Order that the probation be revoked. In the event of revocation the defendant *shall serve the sentence suspended*, *with or without credit for the time served on probation in the discretion of the court.* If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing.

(Emphasis added.)

In *State v. Stine*, 495 So.2d 399 (La.App. 3 Cir. 1986),the Defendant pled guilty to two counts of burglary, on November 13, 1982, and was sentenced to serve four years at hard labor on each charge to run concurrently. On November 18, 1985, the Defendant pled guilty to four counts of burglary and was sentenced to serve six years in the parish jail on each count to run concurrently. At the same hearing, the trial court revoked the Defendant's probation on the 1982 convictions and amended the 1982 sentence to be served in the parish jail instead of at hard labor. Three days later, the trial court set aside this amendment and reinstated the original sentence at hard labor. The Defendant argued, under La.Code Crim.P. art. 881, the trial court was without authority to set aside the amendment to his 1982 sentence since its

execution had begun in the parish jail. This court held La.Code Crim.P. art. 881 addresses the trial court's authority with regard to a legally imposed sentence not an illegal sentence. This court found the trial court's amendment to the Defendant's 1982 sentence was illegal under the applicable provision dealing with a revocation hearing (La.Code Crim.P. art. 900), and therefore his original sentence could be reinstated even after execution of sentence. The court stated:

> While defendant is correct in his contention that Art. 881 would prohibit a court from amending or otherwise changing a *legal* sentence once it had been executed, the article does not prohibit the correction of an illegal sentence. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. LSA - C.Cr.P. art. 882. Therefore, if the court's original amendment to the defendant's four-year sentence (ordering it to be served in the parish jail rather than at hard labor) was illegal, the court's setting aside the amendment was authorized by Art. 882 and could be made at any time, regardless of whether execution of sentence had begun.

This court held La.Code Crim.P. art. 900 governs the scope of authority of a trial court to amend a sentence at a revocation hearing. The court stated:

> Art. 900 provides, in part, that in the event of revocation, a defendant "*shall* serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court." (Emphasis added.) The mandatory language of this article ("shall") clearly requires that defendant serve the suspended sentence which was originally imposed. The trial court has no discretion to amend or otherwise change this sentence except to give credit for time served on probation.

*Id.* at 401.

We conclude the trial court had no authority to amend Martin's sentence at the probation revocation hearing. Therefore, the sentence imposed by the trial court on April 14, 2004 is set aside and Martin's original sentence is reinstated. The case is remanded to the trial court for a determination of whether, under La.Code Crim.P. art. 900, Martin is to be given credit for time served, and for a correction of the minute entry of May 14, 2002 to reflect Martin's sentences are to run consecutive.

**DECREE**

7

Based on the foregoing review of the record, the judgment of the trial court denying the State's Motion to Correct Illegal Sentence is reversed. The sentence imposed by the trial court on April 14, 2004 is set aside and Martin's original sentence is reinstated. The case is remanded to the trial court for a determination of whether, under La.Code Crim.P. art. 900, Martin is to be given credit for time served, and for a correction of the minute entry of May 14, 2002 to reflect Martin's sentences are to run consecutively.

**JUDGEMENT REVERSED,**
**SENTENCE SET ASIDE,**
**REMANDED.**