HALL, Judge.
Defendant, Dennis Lane, appeals from the imposition of an allegedly excessive sentence. We affirm.
On September 30,1981 the DeSoto Parish Grand Jury returned an indictment charging the defendant with aggravated rape (LSA-R.S. 14:42) and aggravated burglary (LSA-R.S. 14:60). Defendant pled guilty to the reduced charge of simple rape (LSA-R.S. 14:43) pursuant to a plea bargain agreement, and this plea was accepted by the court in June 1982. After defendant’s request to withdraw his guilty plea was denied, the trial court on July 29, 1982 sentenced defendant to 25 years imprisonment at hard labor, the maximum sentence for simple rape.
The record shows that on August 15,1981 defendant entered the home of the victim at about 2:00 a.m. and raped her at knife-point. After an unsuccessful attempt to rape the victim a second time, the defendant ran out of the house. The victim locked the door and called the police. While the victim was talking to the police the defendant reentered the house by breaking a window and retrieved the knife which he had used on the victim and which he had dropped in his haste to leave the house. Defendant left the house again and was picked up by police shortly thereafter.
Pursuant to assignments of error, defendant contends on appeal that the trial court failed to state for the record the considerations taken into account in imposing sentence as required by LSA-C.Cr.P. Art. 894.-1(C). Additionally, defendant claims the trial judge erred in not giving proper weight to defendant’s youth, employment history, military service, education, and lack of a prior criminal record in imposing the sentence. Defendant also contends that the sentence imposed is in contravention of La. Const. Art. 1, § 20 which prohibits cruel and unusual punishment.
The defendant also assigned as error the trial court’s refusal to allow the defendant to withdraw his guilty plea. However, because defendant has neither briefed nor argued this assignment, it is considered abandoned. State v. Blanton, 325 So.2d 586 (La.1976). Parenthetically we note that the record reflects that the plea of guilty was entered after defendant was clearly advised of all his rights, and of the maximum penalty for the offense, and that the defendant advised the court that he was pleading guilty because he was, in fact, guilty. No reason was urged in the trial court for allowing the withdrawal of the guilty plea. LSA-C.Cr.P. Art. 559.
Upon review of the record, it is clear that defendant’s allegations are without merit. In sentencing defendant the court gave a specific and detailed analysis of the defendant’s past conduct, including references to his age, his physical and mental health, his marital status, his military record, his education, his employment record, and his homelife. The court stated, however, that the offense charged is “heinous”, the circumstances of the offense were “brutal, frightening and traumatic to the victim”, and that it is “one of the most serious, harmful offenses known to any civilized society, and a lesser sentence than a prison sentence . .. would deprecate the seriousness of the offense.” The trial court also noted that imprisonment was warranted in this case because of defendant’s “obvious, violent nature.” The trial judge complied with the provisions of LSA-C.Cr.P. Art. 894.1(C) in stating the considerations taken into account in particularizing the sentence to the offender and to the offense. See State v. Dokes, 398 So.2d 1025 (La.1981); State v. Jackson, 360 So.2d 842 (La.1978).
*1278 In formulating the length of the sentence, the court carefully considered the mitigating factors in favor of the defendant. However, after weighing the totality of the circumstances, the court concluded that the factors favoring imprisonment far outweigh any favorable factors which might mitigate in favor of the defendant.
Although the imposition of a sentence within the statutory maximum may violate a defendant’s constitutional right against excessive punishment, “the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of an abuse of his discretion.” State v. Forshee, 395 So.2d 742 (La.1981); See also State v. Sepulvado, 367 So.2d 762 (La.1979). The record in this case does not reveal any such abuse of this discretion in the imposition of the maximum sentence for the reduced charge.
For the reasons stated, the conviction and sentence are affirmed.
Affirmed.