449 So.2d 193 (1984)
STATE of Louisiana
v.
Charles H. SERGON, Defendant-Appellant.
No. CR 83-784.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
Shelby Bohannon, Alexandria, for defendant-appellant.
Edward E. Roberts, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
*194 Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOMENGEAUX, Judge.
Defendant, Charles Sergon, was charged by bill of information with forcible rape, in violation of La.R.S. 14:42.1.[1] Upon motion of the State, the district court ordered the bill of information amended; Sergon was charged with simple rape.[2] The accused then withdrew his former plea of not guilty and entered a plea of guilty to simple rape. Following the standard of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Court explained to the defendant his constitutional right of trial by jury, right to confront his accusers, and right against self incrimination. The Court was satisfied that the defendant fully and completely understood his constitutional rights and the charge pending against him. The Court further found that the defendant intelligently waived his rights and therefore the Court allowed him to plead guilty to the charge of simple rape.
On July 1, 1983, defendant was sentenced to five (5) years at hard labor with credit given for time served.[3] Following appropriate objection, defendant perfected this appeal.

ASSIGNMENTS OF ERROR
Defendant urges that the trial court erred by imposing an excessive sentence in violation of the Eighth Amendment of the United States Constitution which prohibits cruel and unusual punishment, and in violation of the sentencing guidelines provided in La.C.Cr.P. Art. 894.1.[4]

*195 FACTS
The events of February 13, 1983, were related by the Court during the sentencing proceeding. Defendant was 29 years old, employed in Natchitoches, Louisiana, and was also a member of the Louisiana National Guard. Defendant pled guilty to commiting the offense of simple rape wherein he had sexual intercourse with a mental patient at Pinecrest State Hospital in Pineville, Louisiana. The district judge determined that the victim did not understand or comprehend the nature of the offense because of her mental condition, and further, that defendant knew of the victim's incapacity.

REVIEW OF SENTENCE[5]
Defendant complains that the sentence imposed, five (5) years at hard labor, is in violation of the Eighth Amendment and further, that the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1 were not followed.
The defendant contends that the trial judge did not state for the record the considerations and factual basis for the sentence imposed. However, in our review of the record we find that the sentencing judge did state for the record the reasons for the term of imprisonment. The Court carefully explained the considerations taken into account and the factual basis for imposition of the sentence. The Court noted the range of sentencing, and that defendant was in need of correctional treatment most effectively provided by commitment to an institution; additionally, the Court noted that to impose a lesser sentence would deprecate the seriousness of defendant's crime.
In sentencing defendant, the Court gave a specific analysis of the defendant's file. In formulating the length of the sentence, the Court considered the mitigating factors in favor of the defendant. However, the Court stated that the offense charged was despicable, and that imprisonment was warranted in order to prevent a mockery of justice. State v. Lane, 427 So.2d 1276 (La. App. 2nd Cir.1983). After weighing the totality of the circumstances, the Court concluded that the factors favoring imprisonment far outweigh any mitigating factors which might be accorded to the defendant.
The Court then proceeded to elaborate on the guidelines for sentencing a defendant guilty of a felony to imprisonment. "The trial court need not articulate every aggravating and mitigating circumstance, but the record must reflect that the Court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. See State v. Gray, 404 So.2d 1215 (La.1981)." State v. Lathers, 414 So.2d 678 (La.1982). The trial judge complied with the provisions of La.C.Cr.P. Art. 894.1(C) in stating the considerations taken into account in particularizing the sentence to the offender and to the offense.
Further, as to determining what is excessive punishment under the Eighth *196 Amendment's prohibition against cruel and unusual punishment, the Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), decided that the imposition of a sentence, even though within the statutory limits, may be unconstitutionally excessive in violation of Article 1, § 20 of the Louisiana Constitution of 1974. A sentence has been determined to be excessive punishment when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982); State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983). However, due to the trial judge's unique advantage of viewing subjective factors not available from the appeal record, he is given wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of this discretion. Sepulvado and Goodman, supra; State v. Forshee, 395 So.2d 742 (La.1981); State v. Lane, supra.
The defendant was subject to a twenty-five (25) year term of imprisonment when he pled guilty to simple rape. By his plea of guilty, defendant in effect admitted that the offense was without the lawful consent of the victim and that he knew of the victim's incapacity. State v. McDowell, 427 So.2d 1346 (La.App. 2nd Cir.1983). Under the circumstances set out herein it seems to us that the five (5) year sentence is indeed light, considering that the defendant could have gotten twenty-five (25) years on the reduced charge. The sentence of five (5) years at hard labor is fully supported and articulated and is not excessive.
We are unable to find any manifest error. The trial judge complied with proper procedure as set forth in the sentencing guidelines and the sentence imposed followed a plea of guilty to a most serious crime under the laws of the State of Louisiana. Therefore we will not disturb this sentence on appeal.

DECREE
For the above and foregoing reasons, defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:42.1 provides:

"Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."
[2] La.R.S. 14:43 provides in pertinent part:

"Simple rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
1) Where the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by an intoxicating, narcotic, or anesthetic agent, administered by or with the privity of the offender; or when victim has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of the victim's incapacity; or
2) Where the victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act; and the offender knew or should have known of the victim's incapacity; or
3) Where the female victim submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment practiced by the offender."
[3] The penal clause of La.R.S. 14:43 provides:

"Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, for not more than twenty-five years."
[4] La.C.Cr.P. Art. 894.1 states:

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
[5] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 529; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983); concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169.