STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 06-1269

STATE OF LOUISIANA

VERSUS

DONAVAN DESPANIE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 105100
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

AFFIRMED.

William Thomas Babin
Assistant District Attorney
405 West Convent Street
Lafayette, LA 70501
(337) 232-7747
Counsel for Plaintiff/Appellee:
State of Louisiana

**Michael Harson**
**District Attorney, Fifteenth Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Mark Owen Foster**
**Foster & Foster**
**805 Broadway**
**Minden, LA 71055**
**(318) 354-1292**
**Counsel for Defendant/Appellant:**
**Donavan Despanie**

**Donavan Despanie**
**Allen Correctional Center -JA1**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**

**EZELL, JUDGE.**

On December 14, 2004, the Defendant, Donavon Despanie, was indicted with aggravated rape, a violation of La.R.S. 14:42. On September 20, 2005, the Defendant entered a plea of no contest to the amended charge of simple rape, a violation of La.R.S. 14:43.

The Defendant was sentenced on March 7, 2006, to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence with credit for time served. The trial court also recommended that the Defendant be placed in a facility to receive sex offender treatment. On March 13, 2006, the Defendant filed a motion to reconsider sentence, which was subsequently denied without a hearing on March 16, 2006. The Defendant is now before this court on appeal asserting that the trial court imposed an excessive sentence.

## FACTS

We note that in the guilty plea hearing no factual basis for the offense to which the Defendant pled was articulated. Therefore, the following factual assertions are taken from the police report provided to the Defendant by the State in its answer to Defendant's request and motion for discovery, disclosure, and inspection and for a bill of particulars. On October 15, 2004, the Defendant, a certified nursing assistant employed at the Evangeline Oaks of Carencro, a long-term care facility, was observed by a fellow employee having sex with a ninety-two year-old female resident suffering from dementia. The police were called and following an investigation, the Defendant was later arrested at his residence.

## ASSIGNMENT OF ERROR

In this assignment of error, the Defendant argues that the sentence imposed by the trial court was cruel, unusual, and excessive. More specifically, the Defendant

1

asserts that maximum sentences are reserved for the most serious violation of the offense and the worst type of offender. Further, the Defendant maintains that the record and evidence presented does not support a conclusion of same – he has no prior criminal history, no history of sexual abuse, and no evidence of aggravating factors in the crime.

In his motion to reconsider sentence, the Defendant stated that "[e]xpert evidence was offered on defendant's mental condition and the court clearly disregarded the evidence." In his brief to this court, the Defendant complains that the only reasons provided by the trial court for giving the maximum sentence was the age and vulnerability of the victim and contends that the record contains little review by the trial court of the mitigating factors listed in La.Code Civ.P. art. 894.1.

The Defendant pled no contest to simple rape, a violation of La.R.S. 14:43, which reads in pertinent part, "B. Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years." Thus, the Defendant's sentence of twenty-five years was the maximum sentence allowed.

At sentencing, the trial court stated:

THE COURT: Well, let me preface this with a couple of comments about the nature of this offense and this hearing.

I certainly understand the victim's family's feelings in this case. And I agree with Mr. Babin that to take advantage of an elderly person with dementia is equal or worse than taking advantage of a small child.

I feel tremendous sympathy for them, and I feel tremendous sympathy for Donovan's mother. However, Mr. Register, I do not accept your statement that Donavon is a victim in this case. It is far too easy for people to blame their actions on something that they contend someone else did to them.

And I have observed Mr. Despanie at the time I took his plea, and I've observed Mr. Despanie today. And I do not find Mr. Despanie to

2

be a victim. I find Mr. Despanie to be manipulative.

I agree very much with some of the comments that Dr. Vosberg made about the personality problems that Mr. Despanie has, but those personality problems do not excuse behavior.

And I disagree with Dr. Vosberg's statements that Mr. Despanie is not a predator. Because you can be a predator in many ways. And someone who takes advantage of innocence and someone who takes advantage of people that have no faculties is a predator.

So let me just say that, in light of Dr. Vosberg's report, the testimony I've heard today, the presentence report, the letters that I've considered, I have, as Mr. Babin pointed out, followed my duties to examine all of these in light of Article 894.1.

And, for the record, I am going to make the following findings regarding sentence in this case: Number one, Mr. Despanie, I find that you knew the victim in this case was particularly vulnerable or incapable of resisting due to her advanced age, disability and health.

I find that you used your position or status as a caretaker of the victim to facilitate the commission of this offense. And, until today, I was not aware that this was not the first time that you had committed the offense -- but, based on your own admissions, multiple offenses.

The offense that you are convicted of, which is simple rape, provides for a sentence without benefit of parole, probation, or suspension of sentence.

You have refused to accept responsibility for your crime. And I heard what you said today, and that is not an acceptance of responsibility for your crime.

The mental health evaluation submitted by your attorney does not indicate that you have substantial mental illness which would justify or excuse your conduct.

And, although you have no other criminal history, this is a serious sexual offense against a particularly vulnerable victim. And the mental health evaluation submitted by your attorney indicates -- and that doctor has indicated your need for extensive sexual offender treatment.

And I also find that a lesser sentence would deprecate the seriousness of the crime that you committed.

And let me say that I have not had many circumstances where I felt that a maximum was required, but, in this case, I think it is completely required. After hearing the factual basis for this offense, you know, I understand the plea was to one of simple rape. I think the crime

3

you committed goes beyond the definition even of simple rape. It is a serious, serious sexual offense against a very vulnerable victim in this case.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331(alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784, p.2 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

4

At sentencing, the Defendant testified that he was not a predator or a devious fiend prowling on the innocent and the weak. Later, he denied having sex with the Victim. Further, the Defendant admitted that he previously stated that the Victim asked him for sex, that he used just his fingers and did so on two separate occasions. The Defendant also recalled his written statement for the police wherein he admitted that he was having sex with the Victim when a nurse walked in without knocking. However, he maintained that he was under the influence of alcohol at the time his statement was made and was persuaded by police officers to make the statement.

Later, the Defendant testified that he had a relationship "of consensuality" with the Victim, which he described as a normal everyday relationship. He maintained that they conversed about family, work schedule, etc., and that she was glad to see him when he arrived for the night shift. The Defendant stated that the Victim was always in a joyful mood when she would see him and would greet him with open arms. According to the Defendant, the Victim remembered him every time he came to work and even remembered his name.

When asked how a nineteen year-old man falls in love with a ninety-two year-old woman, the Defendant stated that it was the same as a sixty-five year-old man falling in love with a nineteen year-old woman – ". . . when you develop a friendship and a relationship with a person, I guess, as the old saying goes, age is not a - - age is not a matter." Further, the Defendant maintained that he did not rape the Victim but had a mutual relationship with the Victim that "went to a point that, as it stands, nobody can regard as normal." The Defendant would not describe his relationship with the Victim as a "love affair," but stated that it was a friendship that evolved into a relationship. When asked if he normally puts his fingers into his friends' vaginas, the Defendant responded in the affirmative.

Mr. Alan Ryder, the co-worker/licensed practical nurse that discovered the Defendant having sex with the Victim, testified that the Victim was incontinent and wore a Wander Guard to prevent her from wandering away from the building. He added that the Victim was unable to dress herself and needed assistance to go to the bathroom. According to Mr. Ryder, the Victim was not of sound mind; thus, the Defendant's testimony that he had a relationship with the Victim was "amazing." Further, Mr. Ryder testified that it was common knowledge in the facility that the Victim was not competent or aware of what was going on. Lastly, Mr. Ryder stated that the Victim was unable to have a conversation with anyone other than talking about "poppa," her deceased husband.

With regard to the offense, Mr. Ryder testified that he was alerted by another certified nurse assistant of the Defendant's actions. Through an open blind, they could see the Defendant on top of the Victim with his underwear down around his ankles, going up and down. When Mr. Ryder opened the door, the Defendant, still with his pants and underwear down around his ankles, stopped and stood there. According to Mr. Ryder, the Defendant had an erection.

In response to Mr. Ryder's testimony, the Defendant maintained that it was impossible for Mr. Ryder to have seen him half naked due to the location of the window and that he was not on top of the Victim. He had no idea why Mr. Ryder would lie and stated once more that he did not have sex with the Victim, only penetrating with his fingers.

First, we find that the Defendant's assertion that the court disregarded the evidence offered concerning his alleged mental condition is without merit. The transcript clearly reflects that the trial court considered the comments in the report of Dr. Charles Vosberg regarding the Defendant's alleged personality problems and Dr.

6

Vosberg's opinion that the Defendant is not a predator. The trial court concluded that the personality problems did not excuse his behavior. Further, in light of the facts presented, the trial court disagreed with, not disregarded, Dr. Vosberg's statement that the Defendant is not a predator and clearly stated its reasons for concluding same.

In support of his excessive sentence claim, the Defendant cited several cases in his brief to this court. First, the Defendant refers to this court's decision in *State v. Clark*, 05-647 (La.App. 3 Cir. 12/30/05), 918 So.2d 552, wherein the court found that a fifteen-year sentence imposed for simple rape was excessive. The facts of *Clark*, however, are not similar to the instant case. The only aggravating factor in *Clark* was the allegation that the defendant attempted sexual contact with another woman on the night of the offense, but the woman declined his advances.

The Defendant also refers to this court's decision in *State v. Sergon*, 449 So.2d 193 (La.App. 3 Cir. 1984). In *Sergon*, the defendant pled guilty to the simple rape of a mental patient and received a five-year sentence. On appeal, this court held that the sentence was not excessive. Further, the court stated that under the circumstances set out, the five-year sentence was light, considering that the defendant could have gotten twenty-five years on the reduced charge. In affirming his sentence, this court noted that the defendant had, in effect, admitted that the offense was without the lawful consent of the victim and that he knew of the victim's incapacity.

Next, the Defendant sites *State v. Whatley*, 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, wherein the defendant received the maximum sentence for indecent behavior of a juvenile. On appeal, this court held that maximum sentence was excessive punishment for the fifty-three-year-old first-time offender who inappropriately touched the sixteen-year-old victim. The court noted that although the victim suffered psychological harm, she was already "somewhat depressed" at the

7

time of the incident and that the defendant had led a crime-free life, the offense involved no violence, and the defendant left when the victim rebuffed his advances.

Lastly, the Defendant admits that there are more reported cases affirming maximum sentences than vacating same, but contends that these cases involve particularly egregious offenses or cases in which the defendant had a crime-filled life prior to the last conviction. In light of this trend, the Defendant stresses that he is a first time offender and that he committed no force of violence against the Victim. Also, the Defendant asserts that he had an excellent home life, an education, no prior criminal convictions, and no history of prior sexual misconduct.

We find that the evidence/testimony at sentencing supported the trial court's decision to impose the maximum sentence on the Defendant. The credibility of the Defendant was seriously called into question in light of Mr. Ryder's testimony. As required by La.Code Crim.P. art. 894.1, the sentencing transcript reflects that the trial court stated the considerations taken into account and the factual basis for imposing the twenty-five-year sentence. Additionally, we note that the Defendant was originally charged with aggravated rape, and thus, received a significant benefit from his plea bargain to the lesser and included offense of simple rape. Considering same, we find that the Defendant's sentence was not excessive.

**PRO SE ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND THREE**

In these assignments of error, the Defendant argues: 1) that defense counsel rendered ineffective assistance during pre-trial, *Boykin* and sentencing proceedings; 2) that he was induced, intimidated, and coerced by interrogation police officers to make an involuntary confession to a serious crime; and 3) DNA test results from the Louisiana Crime Laboratory were negative reflecting that the Victim suffered no sexual assault, no injury and that there was no sexual activity or contact with the

8

Victim by the Defendant.

We find that the alleged errors that occurred prior to entry of the no-contest plea, including ineffective assistance of counsel during pre-trial, involuntary confession, and exculpatory DNA test results, are non-jurisdictional defects that were waived by the entry of the Defendant's no contest plea. *See State v. Myles,* 04-264 (La.App. 3 Cir. 9/29/04), 882 So.2d 1254. As stated by this court in *State v. Johnson* 04-1266, p.6 ( La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950, "Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt, or plea of *nolo contendere. State v. Brooks*, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724, [*writ denied*, 04-2634 (La. 2/10/05), 846 So.2d 30.]"

As to the Defendant's claim of ineffective assistance of counsel at the *Boykin* and sentencing proceedings, the Defendant merely alleged these errors but failed to address them in his argument. Accordingly, we find that the Defendant abandoned his claim for ineffective assistance of counsel during the *Boykin* and sentencing hearings.

## CONCLUSION

The Defendant's sentence is affirmed.

**AFFIRMED.**

9