THIBODEAUX, Chief Judge,
dissenting in part.
hi dissent from the imposition of a forty-year sentence as I feel it is constitutionally excessive.
The present case is similar to State v. Vallery, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, cited by the majority, in that the facts were consistent with aggravated rape.[1] However, the present crime appears to have been less overtly violent than the one at issue in Vallery. Also, Vallery addressed a sentence five years shorter than the one imposed on Defendant. Further, the forty-year term was the maximum that Defendant could have received. As noted in State v. Whatley, 03-1275 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, “‘[mjaximum sentences are reserved for the most serious violations and the worst offenders.’ State v. Farhood, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225.”
It is questionable whether Defendant is the “worst kind of offender.” The record *1130 does not indicate that he struck the victim or committed physically violent acts, other than the rape itself. Although all rapes are disgusting offenses, and are classified as “crimes of violence” under La.R.S. 14:2(B), not all involve equal levels |2of violence. As noted earlier, the rape in Vallenj was more violent than the one in this case.
Our court has not hesitated to vacate sentences we considered to be excessive. In a case involving the simple rape of an intoxicated victim, this court stated:
The record reveals the following facts relevant to review within the guidelines articulated in La.Code Crim.P. art. 894.1: The Defendant was thirty-one years old at the time of the offense. He is a single father raising his daughter alone. He spent over twelve years as a member of the U.S. Army, receiving an honorable discharge, and, later, the National Guard. His mother, sister, and daughter testified on his behalf. He expressed an acceptance of responsibility for his actions which constituted simple rape and apologized to the victim and her family. Finally, the Defendant is a first felony offender.
Regarding aggravating factors, there is only one — the allegation that Defendant attempted sexual contact with another woman on the night of this offense, but she declined his advances. Other than the facts which constitute the elements of simple rape, there is nothing in the record to warrant a fifteen-year sentence for this defendant. By way of analogy, we refer to the case of State v. Sergon, 449 So.2d 193 (La.App. 3 Cir.1984). There the defendant pled guilty to simple rape of a mental patient at Pinecrest State Hospital. The trial court determined the victim did not understand the nature of the offense because of her mental condition and the defendant, a twenty-nine-year-old member of the Louisiana National Guard, knew of the victim’s incapacity. This court held the defendant’s sentence of five years at hard labor was not excessive.
We direct the sentencing court’s attention to the fact that a sentence of five years or less is appropriate in this case. See La.Code Crim.P. art. 881.4(A).
State v. Clark, 05-647, pp. 4-5 (La.App. 3 Cir. 12/30/05), 918 So.2d 552, 556.
In a manslaughter case, this court explained:
Defendant Runyon did initiate the violence into this situation; however, he played a limited role in Mr. Wiley’s death. He inflicted the wound on Mr. Wiley’s head, but |3Pefendant McDonald, unbeknownst to Defendant Runyon, subsequently inflicted six stab wounds. All seven wounds contributed to Mr. Wiley’s death, but the nature and severity of the wounds inflicted by Defendant McDonald would have contributed more to Mr. Wiley’s demise than the single wound inflicted by Defendant Runyon. Defendant Runyon’s involvement pales in comparison to that of Defendant McDonald. For these reasons, we find Defendant Runyon is not one of our worst offenders, and the sentence imposed on him is excessive. Accordingly, we vacate his sentence and remand the case for re-sentencing.
State v. Runyon, 05-36, p. 24 (La.App. 3 Cir. 11/2/05), 916 So.2d 407, 424, writ denied, 06-1348 (La.9/1/06), 936 So.2d 207, writ denied, 06-667 (La.11/17/06), 942 So.2d 526.
Regarding a sentence for indecent behavior with a juvenile, this court said:
The offense of indecent behavior with a juvenile is a heinous crime. It involves the use of innocent children to satisfy the sexual desires of an adult and requires the commission of a “lewd or lascivious act” upon, or in the presence *1131 of the child. La.R.S. 14:81. In this case, the defendant fondled the victim’s breasts and buttocks. Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of seven years at hard labor, and as previously stated, the maximum penalty is reserved for the worst offenders. Far-hood, 844 So.2d 217.
The defendant was fifty-three years old at the time of the offense and apparently had led a crime-free life. While the evidence indicates that he did use some physical restraint of the victim, the offense entailed no physical violence. Additionally, despite the clear opportunity to do so, the defendant did not attempt to press his physical and timing advantage on his victim. Instead, after she rebuffed his advances, he left. The nature of the defendant’s touching, although inexcusable, is not compatible with the degree of touching associated with those cases in which the courts have chosen to render a maximum sentence.
In this case, the trial court “considered deeply the psychological impact” the defendant’s actions had on the victim. However, the record reflects that the victim |4admitted that she was already “somewhat depressed” at the time of the incident because of the recent deaths of her great-grandmother, uncle, and a close family friend. In fact, the victim had seen a physician in April of 2002, or two months before the offense, for “depressive behavior.” The state has not cited any indecent behavior cases comparable to the defendant’s where the maximum sentence was imposed. Considering only a bare claim of excessiveness, and without considering the merits of the specific assignments of error, we still conclude that, based on the record before us, the evidence does not establish that the defendant is one of those worst offenders upon whom the maximum penalty should be imposed. We find that the trial court abused its wide discretion in sentencing the defendant to the maximum incarceration sentence for this particular offense.
Whatley, 867 So.2d 955.
Though we affirmed a twenty-five year sentence for simple rape in State v. Despanie, 06-1269 (La.App. 8 Cir. 2/7/07), 949 So.2d 1260, Despanie provides some insights. Despanie involved the rape of a ninety-two-year-old female victim suffering from dementia in a long-term care facility. The defendant was a certified nursing assistant at the facility. The victim in this case was eighty-five.
This Defendant and the defendant in Despanie were both charged with aggravated rape, and pleaded guilty to a lesser offense.
The maximum forty-year sentence imposed by the trial court makes no measurable contribution to acceptable penal goals, and is a needless imposition of pain and suffering. See State v. Campbell, 404 So.2d 1205 (La.1981). The trial court abused its discretion in imposing this sentence.
For the foregoing reasons, I respectfully dissent.

. Aggravated rape is defined by La.R.S. 14:42, which states, in pertinent part, "Aggravated rape is a rape committed upon a person sixty-five years of age or older....”