NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 24-436

STATE OF LOUISIANA

VERSUS

ALLEN HAYES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 351,851
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

LEDRICKA J. THIERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Gary J. Ortego, and Ledricka J. Thierry, Judges.

AFFIRMED.

**J. Phillip Terrell, Jr., District Attorney**
**Kenneth A. Doggett, Jr., Assistant District Attorney**
**Rapides Parish**
**P.O. Box 7358**
**Alexandria, LA 71306-7358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Allen Hayes**

**THIERRY, Judge.**

Defendant, Allen Hayes, appeals as excessive his sentence of twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence for his conviction on one count of third-degree rape. For the following reasons, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

On June 16, 2021, Defendant, Allen Hayes, was charged with two counts of third-degree rape, in violation of La.R.S. 14:43. The victim in count one was identified as D.E., whose date of birth was November 18, 1997; the victim in count two was K.B., whose date of birth was June 14, 1986.[1] Defendant entered a plea of not guilty to both charges. A "Motion for Severance of Offenses" was filed, which after a contradictory hearing was denied. On September 18, 2023, the State filed a "Notice of Intent Pursuant to La.C.E. Art. 412.2" in which it set forth its intent to introduce evidence of two prior rapes committed by Defendant.

On January 23, 2024, Defendant entered a plea of guilty to count one, the third-degree rape of D.E. The State agreed to dismiss the second charge of the bill, the third-degree rape of K.B., and to leave sentencing entirely up to the discretion of the trial court. A pre-sentencing hearing was held on February 14, 2024. At that time, the State provided a written impact statement from D.E., as well as victim impact testimony from B.B., the victim of one of the prior rapes the State had planned to introduce at trial. Defense counsel submitted a statement from Pastor Eugene Stevenson on Defendant's behalf.

---

[1]In accordance with La.R.S. 46:1844(W), the victims of sex offenses are referred to by their initials.

The Court laid out the following prior to sentencing:

> As a summary of these acts, the rape of D.E. forms the one count of the defendant's guilty plea. Paraphrasing from the affidavit of probable cause, D.E. stated at the hospital on August [18, 2020,] she was sitting behind the Seagull [sic] Select Hotel when a black male, the defendant, Allen Hayes, of whom she did not know approached her and asked if she wanted to smoke a blunt. D.E. was twenty-two years of age at this time. D.E. got into the vehicle and smoked a blunt. Hayes offered to buy her cigarettes and she agreed to go to the Circle K Store. Hayes and D.E. were the only ones in the vehicle. After leaving the store, they rode around for a short time and Hayes brought her to an area of Alexandria Iron, which is many miles away from the hotel. There, the defendant climbed on top of her, took her clothes off and vaginally raped her. When asked if she fought him, D.E. stated no because she was afraid of what he may do. D.E. told the defendant to stop multiple times and cried during the event. After finishing, the defendant took her back to the hotel. The defendant was identified based off the video at the Circl3e [sic] K Store and his employer, Chili's work shirt. After being arrested and read his Miranda Rights, the defendant stated that the sex was consensual.

On March 6, 2024, the trial court sentenced Defendant to the statutory maximum for third-degree rape, twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The trial court also noted Defendant's crime was a crime of violence, and he was entitled to credit for time served.

Defendant now appeals his sentence, contending that it was excessive to give him a maximum sentence.

## ANALYSIS

In his sole assignment of error, Defendant contends that his twenty-five-year sentence, the statutory maximum for third-degree rape, was excessive. We note Defendant did not object to his sentence nor did he file a motion to reconsider sentence. Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at

sentence, the state or the defendant may make or file a motion to reconsider sentence.

. . . .

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

In previous instances, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence was filed. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied sub nom. State ex rel. Lantz v. State*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885. Thus, we will review Defendant's claim as a bare claim of excessiveness.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that

3

the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–06 (alteration in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Regarding the nature of the crime, Defendant was convicted of third-degree rape, which is defined by La.R.S. 14:43(A)(4) as "a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed when the offender acts without the consent of the victim." In the instant case, D.E. told Defendant to stop multiple times and cried

throughout the ordeal.  Third-degree rape is both a sex offense and a violent crime which represents one of the worst possible violations of an individual's bodily autonomy.  It carries a sentencing range of "not more than twenty-five years," and the sentence is necessarily served at hard labor without benefit of probation, parole, or suspension of sentence.

As to the second factor, the nature and background of the offender, the trial court noted Defendant was sixty-two years old at sentencing with a tenth-grade education and a prior work history.  The district court also went through Defendant's criminal history, which began with an arrest for possession of stolen goods in 1988 and ended when Defendant was arrested on March 16, 2021, for the third-degree rape of K.B., the charge which was dismissed when Defendant pled guilty.  During that time, Defendant was arrested twenty-five times and had six convictions which included three failed stints on probation. Four of his arrests were for rape, including the two arrests involved in the instant case.

The third factor is a comparison of Defendant's sentence with the sentences imposed in similar cases.  In *State v. Despanie*, 06-1269 (La.App. 3 Cir. 2/7/07), 949 So.2d 1260, this court affirmed a maximum, twenty-five-year sentence for a first offender convicted of simple rape where the nineteen-year-old defendant pled no contest to raping an incapacitated, ninety-two-year-old patient at the long-term care facility where the defendant worked.[2] The court noted the defendant benefited by pleading to a reduced charge when his original charge could have carried a life sentence.

---

[2]Per La.R.S. 14:43(C), "simple rape" and "third degree rape" are the same offense.

Likewise, this court in *State v. Green*, 16-938 (La.App. 3 Cir. 7/19/17), 248 So.3d 360, *writ denied*, 17-1348 (La. 4/27/18), 239 So.3d 836, upheld a maximum sentence for simple rape for a forty-seven-year-old defendant with a prior sex offense conviction who raped a seventeen-year-old coworker. The trial court relied on *Despanie* in reaching its sentence.

In light of both *Despanie* and *Green*, we cannot say the trial court abused its discretion in imposing a maximum sentence. Additionally, we note that by pleading guilty, Defendant lowered his sentencing exposure from fifty years to twenty-five years given that the State dismissed the second third-degree rape charge, which occurred following Defendant's arrest for the rape to which he pled guilty. Therefore, we affirm Defendant's sentence.

## DECREE

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16

6